## C. W. DILLARD v. R. R. ANDERSON et al., Judges of County Court, C. H. HARRIS et al., Appellants.

### In Banc, May 21, 1920.

**INJUNCTION:** Trespass: To Restrain Opening of Public Road: Appellate Jurisdiction. The Supreme Court does not have jurisdiction of an appeal from a judgment of the circuit court in an injunction proceeding to restrain the county court, highway engineer and a road overseer from entering upon and laying out a public road ordered by the county court to be established over plaintiff's land. Title to real estate is not involved in such a way as to give the Supreme Court jurisdiction. The suit is to enjoin a mere trespass, and a mere injunction to restrain a trespass upon land does not involve title to real estate in the constitutional sense. [Overruling Ripkey v. Gresham, 214 S. W. 851, 190 S. W. 354.]

Appeal from Pike Circuit Court.—*Hon. Edgar B. Woolfold,* Judge.

RE-TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*J. O. Barrow* and *Hostetter & Haley* for appellants.

*Pearson & Pearson* for respondent.

GRAVES, J.—This cause was transferred to this court by the St. Louis Court of Appeals on the ground that title to real estate is involved. In Division One it was transferred to this court on account of a contrariety of opinion in this court.

The action is one by a land owner against the members of the County Court of Pike County, and the High-

way Engineer of said county, together with one Williams, a public road overseer. The action is one by injunction, wherein the plaintiff seeks to restrain the defendants from entering upon and laying out a public road over the plaintiff's land. Plaintiff avers that defendants threatened to enter upon his land for such purpose. The suit is to enjoin such threatened trespass upon his property.

The answer avers that a public road had been duly established, by the order of the county court, over the lands of plaintiff, and that defendants were fully authorized to enter upon the property in question.

By its judgment the trial court perpetually enjoined defendants from entering upon the premises of the plaintiff. From such judgment appeal was taken to the St. Louis Court of Appeals, and that court has transferred the case here as above stated. The first question is our jurisdiction. The same state of facts were held in judgment by this court in Hill v. Hopson, 221 Mo. 103. In that case we held that we had no jurisdiction, and transferred the case to the Court of Appeals. We said that in an injunction suit for a similar threatened trespass, title to real estate was only incidentally involved, and was not involved in the sense which lodged jurisdiction here. The rule in that case determines our jurisdiction in this case. Under that rule we are without jurisdiction, and this cause should be re-certified to the St. Louis Court of Appeals.

In cases of this character we have not ruled by a uniform voice. We should not overlook the fact that the real character of a case of the kind involved here, is to restrain a threatened trespass. In such cases title to real estate is not so involved as to confer jurisdiction here. When the road was ordered, and the party's land was actually taken, was the time when the title to real estate was so involved, as to cast the jurisdiction here. That was a judgment in the county court, and by appeal to the circuit court would have been tried *de novo.* If by the judgment of the circuit court the road was es-

tablished and the land taken, the appeal from such circuit court judgment would lie here, because such judgment directly affected the title to land. But such is not the case here. The judgment actually affecting the title to lands was not appealed from by the landowner. In this injunction proceeding the title is only incidentally involved, depending upon the record deeds upon the one side, and this county court judgment on the other side. Like all trespass cases title to real estate may be incidentally involved, but the judgment itself (unlike the judgment ordering the road) does not take title from one and lodge it in another. Mere injunction to restrain trespass (as is the case here) does not so involve title to lands as to confer jurisdiction upon this court.

That we may speak with a united voice, the case of Ripkey v. Gresham, 214 S. W. 851, and the cases therein cited are hereby overruled. This ruling likewise applies to the same case in the Springfield Court of Appeals, when it was transferred here, and the cases in that opinion cited, 190 S. W. 354; and all like cases. The cause is re-transferred to St. Louis Court of Appeals. All concur, except, *Woodson, J.*, who is absent.