THE STATE ex rel. FRANK L. PULLEY, Prosecuting Attorney, Appellant, v. EVA K. THOMPSON and JOHN B. THOMPSON.

Division One, December 30, 1924.

**APPELLATE JURISDICTION:** Injunction: Nuisance: Fence in Public Road. The Supreme Court does not have jurisdiction of a suit brought by the prosecuting attorney to enjoin the maintenance of a nuisance, to-wit; a fence, which plaintiff alleges defendants are maintaining in a public road, his position being that the part of the road occupied by the fence was dedicated as a substitute for another part previously regularly laid out and used as a road. Title to real estate is only incidentally, and not directly, involved in such a suit. [Following Dillard v. Anderson, 282 Mo. 436, and overruling State ex rel. v. Thompson, 244 S. W. 940, and Proctor v. Proctor, 256 S. W. 110.]

---

Citation to Headnote: Courts, 15 C. J. par. 513.

Appeal from Clinton Circuit Court.—*Hon. A. M. Tibbels,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Daniel H. Frost* for appellant.

*R. H. Musser* for respondents.

JAMES T. BLAIR, P. J.—This is a suit at the relation of the Prosecuting Attorney of Clinton County to enjoin the maintenance of a nuisance, to-wit, a fence, which he alleges respondents are maintaining in a public road in Clinton County. His position is that the part of the road in question was dedicated as a substitute for another part previously regularly laid out and used as a road, and that a fence which stands north of the traveled roadway and has stood there, or about at the same place, since before the dedication was attempted, is on ground dedicator intended to give, and is, therefore, in the road and a public nuisance. Respondents contend the ground on which the fence stands was never dedicated to the public.

This court has no jurisdiction. No judgment that is sought or that could be rendered on the pleadings could directly affect the title. In Dillard v. Anderson, 282 Mo. 436, a question like the one here in principle was discussed, and it was held, by Court in Banc, that the title in such cases is only incidentally and not directly involved, and that the jurisdiction is in the Court of Appeals. It was there said this court, on such questions, has not ruled with "uniform voice," and the court attempted, by the process of overruling some of its own decisions, to correct that condition. That decision has been followed in Brader v. City of Carthage, 250 S W. 43; Mayo v. Schumer, 256 S. W. 1. c. 552. It is in conflict with State ex rel. v. Thompson, 244 S. W. 940, and Proctor v. Proctor, 256 S. W. 110. These two are overruled. In Moberly v. Lotter an easement was taken. [Moberly v. Lotter, 266 Mo. 457.] The cause is transferred to the Kansas City Court of Appeals  All concur.