Missouri Power & Light Company, Appellant, v. John W. Creed and Stanley Creed, His Wife.—30 S. W. (2d) 605.

Court en Banc, August 2, 1930.

*Fry & Hollingsworth, S. S. Nowlin* and *W. B. Whitlow* for appellant.

*Baker & Baker* and *N. T. Cave* for respondents.

WHITE, J.—This case was appealed from a judgment in the Circuit Court of Montgomery County to the St. Louis Court of Appeals and by that court transferred to this court on the ground that it involved the title to real estate.

I. The record shows that the appellant, Missouri Power & Light Company, began this proceeding in the Circuit Court of Callaway County for the purpose of condemning a right of way through the land of defendants (respondents here) for the erection and maintenance of its power lines. The petition prayed the appointment of commissioners to assess the damages to defendants by reason of such condemnation. Commissioners were accordingly appointed, without objection from the defendants, and assessed the damages to defendants' land at $100.

The defendants then filed exceptions to the report of commissioners. The sole complaint in the exceptions was that the award of the commissioners was wholly inadequate. On the application of defendants a change of venue was awarded and the case sent to the Circuit Court of Montgomery County. In that court a trial was had November 1, 1929, and a verdict rendered assessing defendants' damages at $800. From that judgment the plaintiff has appealed.

It will be seen by this recital of the facts that the defendants did not dispute the right of the plaintiff to have commissioners appointed to assess the damages to the defendants' land. The right to condemn for the purpose for which the suit was filed was not in contest. The only issue before the appellate court turns upon the propriety of the award of damages in the trial court. The only errors assigned relate to the regularity of the proceeding by which the verdict mentioned was rendered. Therefore the title to real estate is not involved.

II. We might remand the case to the St. Louis Court of Appeals without more, but since the question is likely to arise in the future we deem it necessary to go further. In an ordinary condemnation proceeding the title to real estate is not necessarily involved though it might be so in some cases. But if the only question is the right to condemn and determine

the incidental damages, the title to real estate is not involved. This conclusion is in accord with a long line of decisions in this State.

The question has recently received elaborate consideration and discussion in Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, determined by the Court en Banc in which all of the judges concur. There it was pointed out (l. c. 953) that suits to foreclose or enforce mortgages, tax bills, mechanics liens, and other liens do not involve title to real estate, citing numerous cases. That was a proceeding begun in the probate court whereby the court was prayed to make an order to sell real estate, subject to homestead rights and mortgages, to pay the widow's allowance. The court first called attention to the case of Swan v. Thompson, 36 Mo. App. 155, where it was held that the St. Louis Court of Appeals did not have jurisdiction of an appeal in an action to enjoin the administrator from making a probate sale of lands to pay debts. The opinion also cites the case of Dildine v. DeHart, 293 Mo. 393, where it was held that this court had such jurisdiction. The court then says (l. c. 952): "In our opinion the conclusion in the Swan case, supra, is right and the Dildine case is erroneous." And further:

"This court has held in many cases that title, to be involved in an action, must be *in issue*. As said in a statement of the rule frequently quoted: 'It is not enough that the judgment, when carried into execution, will affect the title to land. The title must be involved in the suit itself, and be a matter about which there is a contest.' [Citing numerous cases in this court.] Indeed, the rule goes further. Title must not only be in issue, it must be in issue directly, as distinguished from collaterally or incidentally. The law on this point has been many times declared, as, for example, that 'the constitutional provision vesting appellate jurisdiction in this court in cases involving title to real estate, applies only to cases in which title to land is the subject of the controversy and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry or in which the judgment will only affect the title incidentally or collaterally.' "

As an illustration of that last statement, Dillard v. Anderson, 282 Mo. 436, is a case where it was held that in an action for trespass the title to real estate was not involved although a subject of inquiry in determining the rights of the plaintiff.

Several cases have lately been decided by this court where it was held that in a condemnation proceeding the title to real estate was involved. [State ex rel. Pulley v. Thompson, 306 Mo. 239; Railroad v. Schweitzer, 246 Mo. 122; City of Tarkio v. Clark, 186 Mo. l. c. 294; City of Moberly v. Lotter, 266 Mo. 457.] All these merely state the proposition that title to real estate is involved in a condemnation proceeding so as to give this court jurisdiction of the appeal and refer to older cases. Not one of them presents a reason for such ruling or

attempts to explain how or why the title to real estate is involved so as to bring it within the rule as elucidated in the Nettleton Bank case, that the title must be *in issue,* a *subject of controversy,* and must be *affected.*

Only one of the cases referred to in those rulings attempts to state the reason. State ex rel. v. Rombauer, 124 Mo. l. c. 600, where this is said: "The condemnation of land for railroad tracks takes from the owner, and vests in the corporation, practically the right to the exclusive possession and use of his land; and thus, by the judgment, one of the essential elements of a perfect title is taken from one party to the suit, and vested in the other." That is the only reason advanced for saying that the title to real estate is involved in a condemnation proceeding. It is not *in issue;* it is only *affected.* It is not in dispute. There is no inquiry as to the title of a defendant whose land is condemned. The only inquiry is whether the defendant's land shall be subjected to an easement (as in a mechanic's lien case to a lien).

The cases referred to above holding that a condemnation proceeding necessarily involves title to real estate within the purview of Section 12, Article 6, are not in accord with the principle contemplated by that section of the Constitution, and are therefore overruled.

The cause is remanded to the St. Louis Court of Appeals. *Ragland, C. J., Atwood, Gantt, Blair* and *Frank, JJ.,* concur; *Walker, J.,* absent.