K. Z. OLIVER v. SARAH WILHITE, ARTHUR WILHITE and BELLE HULL, Appellants.—45 S. W. (2d) 1083.

Division One, January 20, 1932.

*D. W. Peters* for appellants.

*Irwin & Bushman* for respondent.

RAGLAND, J.—This is a suit in equity wherein the plaintiff seeks injunctive relief only. The petition after particularly describing certain premises owned by plaintiff and then certain others owned by defendants proceeds as follows:

"That the last described property was formerly owned by George Wilhite, now deceased, and that Arthur Wilhite, Sarah Wilhite and Belle Hull are now the owners of said land by inheritance from the said George Wilhite.

"Plaintiff further says that each of said tracts of land have a dwelling house located thereon and that there is a strip of vacant ground lying between the two houses, a part of which belongs to the plaintiff and a part of which belongs to the defendants; that during the lifetime of George Wilhite, that is to say about six years ago, this plaintiff and George Wilhite entered into an oral agreement whereby it was agreed that the said vacant space between said houses should be used by both parties for their mutual benefit and advantage by converting the same into a driveway so that automobiles could pass in and out to garages built by the plaintiff and also built by the said George Wilhite which had been erected back of their residential property; that in pursuance to said agreement this plaintiff contributed money and labor towards the building of a driveway therein and thereon and that ever since said time and for a period of more than six years this plaintiff and the said George Wilhite and those claiming under him have used as a common driveway and that this plaintiff has by reason of usage on the money and labor expended thereon and by reason of the contract aforesaid acquired an easement in, over and along said driveway as it was then constructed by this plaintiff and the said George Wilhite during his lifetime.

"Plaintiff for his cause of action says that the defendant, each of them and their agents, servants and employees, are now erecting a post and wire fence along and upon said driveway so that the same cannot be used by this plaintiff in accordance with the terms of his said agreement with the said George Wilhite and that by reason of said fence so erected as aforesaid he is now and will continue to be unable to reach his said garage with his automobile; that he erected his said garage at great expense to himself at the place and

in the manner it was erected because of his said agreement with the said George Wilhite and in reliance thereon and that unless he is permitted to use said driveway at the place and in the condition it was previous to being molested by the defendants he will suffer irreparable injury, for which he has no adequate remedy at law.

"Wherefore, the premises considered, plaintiff prays a mandatory order of this court directing the defendants and each of them their agents, servants and employees, to remove the obstruction which they have now placed and are about to place in and along and upon said driveway, and for the order of this court enjoining and restraining the defendants and each of them, their agents, servants and employees, from longer detaining said obstruction in said driveway, and to show cause why they should not be permanently and perpetually enjoined and restrained from maintaining said obstruction in said driveway, and upon final hearing the plaintiff prays that the defendants and each of them, their agents, servants and employees, be enjoined from interfering with, obstructing said driveway by placing posts, wire or other obstructions whatsoever in said driveway so as to impede, hinder and obstruct the free and open enjoyment and use thereof by this plaintiff as a driveway; and for such other orders, judgments and decrees as to the court may seem meet and proper in the premises."

On the filing of the petition in the circuit court a temporary restraining order was issued, which after reciting the substance of the allegations of the petition was as follows:

"It is, therefore, ordered, adjudged and decreed that the defendants and each of them, their agents, servants and employees, be and they are hereby required to forthwith remove from the driveway between the premises owned by the plaintiff and the premises owned by the defendants in the City of Jefferson, Cole County, Missouri, any and all posts, wire and other obstructions therein placed by the defendants, their agents, servants and employees, and hereafter refrain and desist from continuing said obstruction of said driveway until the further order of the court, and fail not at your peril."

The defendants interposed a general demurrer to the petition, which was by the court overruled. Defendants declining to plead further, the court heard evidence offered by plaintiff in support of his petition and at the conclusion of the hearing adjudged that the temporary restraining order theretofore issued be made perpetual. From such judgment defendants were allowed an appeal to the Kansas City Court of Appeals. That court on motion of the respondent transferred the cause to this court, on the ground that the title to real estate is involved. [Oliver v. Wilhite, 41 S. W. (2d) 825.]

The cases cited by the Court of Appeals in support of its view that the title to real estate is involved have been either distinguished or overruled by later decisions of this court. While it was necessary for the trial court to inquire into the validity of plaintiff's claim of an easement over defendants' land in order to determine whether to grant or withhold the relief prayed, such inquiry was purely incidental or collateral. The judgment sought in the petition, and the one actually rendered and appealed from, operates *in personam*, and does not run with the land. The title to real estate is not therefore involved in such sense as to give this court jurisdiction of the appeal. [Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 955, 2 S. W. (2d) 771, and cases cited.] The cause is therefore retransferred to the Kansas City Court of Appeals. All concur.