Mary Blanche Gibson, Appellant, v. Ella May Sharp, Lalla Adams, Gladys Phillips, Gladys Sharp, Bonnie F. Sharp, James Sharp, Dorothy B. Sharp Gaither and Hazel Norma Sharp Townsend, Respondents, No. 44042—270 S. W. (2d) 721.

Division Two, September 13, 1954.

*Jones & Jones* and *Langdon R. Jones* for appellant.

*Ward & Reeves* for respondents.

 BOHLING, C.—In this suit in equity by Mary Blanche Gibson, plaintiff, against Ella May Sharp et al., defendants, plaintiff seeks a mandatory injunction for the removal of a dam backing water upon plaintiff's land and to enjoin the maintenance of further obstructions to the flow of the water, alleging an easement, under an oral agreement and by prescription, for drainage purposes through a ditch following a natural drain across defendants' land. The lands of plaintiff and defendants are adjacent. Plaintiff's petition was originally in two counts and defendants' answer contained a counterclaim. Count two of plaintiff's petition and also defendants' counterclaim were dismissed during the course of the trial. Defendants' answer, so far as pertinent, denied the allegations of plaintiff's petition alleging the existence of an easement and prayed that defendants be discharged with their costs. The trial was before the circuit court

of Mississippi county, and the chancellor found "the issues, all and singular, in favor of the defendants and against the plaintiff." The decree dismissed plaintiff's petition and awarded defendants their costs. Plaintiff has appealed.

The sole ground advanced for vesting appellate jurisdiction here is that title to an easement in real estate is involved. This is on the theory that an easement is real estate within the meaning of Art. V, § 3, Mo. Const., vesting appellate jurisdiction in cases involving title to real estate in this court. No authority is cited in plaintiff's brief. A party setting up title in himself and asking that it be determined is entitled to an adjudication of his existing title, and if he have no title the court should so adjudge in its judgment or decree. Pettus v. City of St. Louis, 362 Mo. 603, 242 S. W. 2d 723, 729[6].

In cases wherein the judgment sought or rendered directly determines a title controversy involving an easement the appellate jurisdiction is in this court. Chapman v. Schearf, 360 Mo. 551, 229 S. W. 2d 552, 553[1], same case, Mo. App., 220 S. W. 2d 757; Larkin v. Kieselmann, Mo., 259 S. W. 2d 785, 786[1]; Jacobs v. Brewster, 354 Mo. 729, 190 S. W. 2d 894, 895[1]; White v. Bevier Coal Co., Mo., 261 S. W. 2d 81[1], same case, Mo. App., 254 S. W. 2d 42. We took jurisdiction of Farmers Drainage Dist. v. Sinclair Refining Co., Mo., 255 S. W. 2d 745, 746[1], because a constitutional issue was presented. (See also observations on easements, Id. l.c. 748.)

Nettleton Bk. v. McGaughey's Estate, 318 Mo. 948, 2 S. W. 2d 771, 774, quoted State ex rel. v. Dearing, 180 Mo. 53, 63, 79 S. W. 454, 457, with approval, i.e.:

" 'The constitutional provision vesting appellate jurisdiction in this court in cases involving title to real estate applies only to cases in which title to land is the subject of the controversy and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry or in which the judgment will only affect the title incidentally or collaterally.' " Missouri Pow. & Lt. Co. v. Creed, 325 Mo. 1194, 30 S. W. 2d 605, 606; St. Louis v. Butler Co., 358 Mo. 1221, 219 S. W. 2d 372, 374[3]; Price v. Blankenship, 144 Mo. 203, 208, 209, 45 S. W. 1123, 1124; State ex rel. v. Hughes, 345 Mo. 958, 137 S. W. 2d 544, 545[3] and cases cited.

"That the question of title may be incidentally, collaterally or even necessarily inquired into to settle the issues is not sufficient. The judgment itself must directly affect the title." Pursley v. Pursley, Mo., 213 S. W. 2d 291, 293.

Although it be necessary to determine the title to land to rule the ultimate issue presented where neither party seeks an adjudication of the title, title is only incidentally or collaterally involved and appellate jurisdiction is in the courts of appeals. State ex rel. v. Hughes, supra. If, in such a case, after reaching a conclusion on

the title controversy, the court by its judgment in addition undertakes to adjudicate the title, the judgment to that extent is coram non judice and void. Brown v. Wilson, 348 Mo. 658, 155 S. W. 2d 176, 180[15, 16]; Hoelmer v. Heiskell, 359 Mo. 236, 221 S. W. 2d 142, 144[4].

In the instant case neither party sought an adjudication of title to real estate and no adjudication of title was made. Plaintiff sought injunctive relief—a remedy acting purely in personam. It may be necessary to inquire into and make a finding respecting the title to determine the issues but if this be so title is not involved so as to vest appellate jurisdiction here. In many cases, upon transfers from this court and upon original submissions, it has been held that our courts of appeals have jurisdiction to inquire into a title controversy incidentally or collaterally involved in the disposition of the presented issues on the merits. Cases seeking to enjoin a trespass on real estate frequently present an issue necessitating an inquiry into the title and for many years the appellate jurisdiction was unsettled; but in Dillard v. Sanderson, 282 Mo. 436, 222 S. W. 766, court en banc settled the matter by holding title was only collaterally in issue and not involved in the constitutional sense. Nor, for instance, do we think the framers of the constitution intended that this court take jurisdiction in an action of replevin for the recovery of a severed crop pivoting on which party held the title to the land. Fischer v. Johnson, 139 Mo. 433, 437, 41 S. W. 203, 204; Turner v. Morris, 222 Mo. 21, 121 S. W. 9.

In the following cases, among others, where it was necessary to inquire into the title to real estate but the issue was only incidentally or collaterally involved, including cases involving easements, the cause has been transferred to the proper court of appeals or has been ruled by a court of appeals upon original submission, the case not involving title to real estate within the constitutional provision. St. Louis-S. F. R. Co. v. Silver King Oil & Gas Co., Mo., 117 S. W. 2d 225; Stough v. Steelville El. L. & P. Co., Mo., 217 S. W. 515, 518[1, 2]; Smith v. Santarelli, 355 Mo. 1047, 199 S. W. 2d 411, 412[4]; State ex rel. Pulley v. Thompson, 306 Mo. 239, 267 S. W. 605; Borders v. Glenn, Mo., 226 S. W. 915; Brader v. City of Carthage, Mo., 250 S. W. 43; Oliver v. Wilhite, 329 Mo. 524, 45 S. W. 2d 1083; Dillard v. Sanderson, 282 Mo. 436, 222 S. W. 766; Mayo v. Schumer, Mo. App., 256 S. W. 549, 552[1]; Burnett v. Sladek, Mo. App., 251 S. W. 2d 397, 398[1]; Sellers v. Swehla, Mo. App., 253 S. W. 2d 847; George v. Crosno, Mo. App., 254 S. W. 2d 30.

From what we have said we erred in taking jurisdiction of Zinser v. Lucks, (Div. No. II), 361 Mo. 671, 235 S. W. 2d 844 (see 17 Mo. L. R. 103); and Dillen v. Edwards, (Div. No. II), Mo., 263 S. W. 2d 433[1], which should not have been transferred to this court by the court of appeals, Dillen v. Edwards, Mo. App., 254 S. W. 2d 44.

1010

The cause is transferred to the Springfield Court of Appeals. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Leedy,* Acting P.J., and *Anderson* and *Broaddus,* Special Judges, concur.