Mae JUDGE, Plaintiff-Respondent,

v.

Milton Earl DURHAM, Nabby K. Durham, C. A. Noell and Fern Noell, Defendants-Appellants.

No. 44318.

Supreme Court of Missouri.

Division No. 1.

Jan. 10, 1955.

berly, Randolph County, Missouri, and for actual and punitive damages for prior interference with plaintiff's use of the easement. The cause was tried to the court in separate hearings, first as to existence of the claimed easement and second as to the amount of damages. Injunctive relief, as prayed, was granted and the actual damages were assessed at $150. Defendants took an appeal to the Kansas City Court of Appeals, but that court transferred the cause here on the ground that title to real estate is involved and that this court has jurisdiction of the appeal. Judge v. Durham, Mo.App., 265 S.W.2d 437, 439.

The Court of Appeals held that "the judgment establishes an easement on defendants' property by prescription and the correctness of that ruling is the only question presented on appeal"; that the judgment entered "is not a judgment in personam as is discussed in some of the cases"; that injunctive relief was not "the only thing sought or obtained"; and that title to real estate is involved. We think the court erred in transferring the cause to this court and that the cause must be re-transferred.

The facts necessary to a determination of the issue of appellate jurisdiction are well stated in the opinion of the Court of Appeals to which reference is had for these facts, however, we do not agree with the court's conclusion as to the decree "establishing plaintiff's right to an easement", rather the court found that plaintiff owned the easement as alleged, and granted the injunctive relief as prayed, and awarded damages. While plaintiff alleged the existence and ownership of the easement as the foundation of her claim for equitable relief by injunction to prevent interference with her use of the easement and for the assessment of damages for past interference, plaintiff prayed for no affirmative relief with reference to the "establishment" of such easement, nor did she seek any judicial determination of the ownership thereof. She alleged rather that she had the easement, described it and alleged other facts concerning its existence and use. The relief asked was as follows: "Wherefore, plaintiff prays judgment against defendants for actual damages in the sum of $1,000.00,

Don C. Carter, Sturgeon, and W. M. Stringer, Moberly, for appellants.

Raymond L. Falzone and W. B. Stone, Moberly, for respondent.

DALTON, Presiding Judge.

Action in equity for an injunction to prevent interference with an alleged easement for the purpose of travel over described real estate, a driveway, in the city of Mo-

for punitive damages in the sum of $2,000.-00, and for an injunction permanently restraining defendant from interfering in any way with the use of said driveway by the plaintiff or persons having a lawful right to visit or live at her house or go to or from there on business."

Each of the four defendants expressly denied the averments of plaintiff's petition concerning plaintiff's ownership of the alleged easement and her lawful right by reason thereof to travel the driveway in question without interference. No affirmative relief with reference to the existence or non-existence of the easement or the ownership thereof was requested by any defendant. Their only request was that they "go hence" with their costs.

Since it was clear from the pleadings that the alleged existence of the easement and plaintiff's ownership thereof were the essential facts upon which plaintiff's right to the relief sought depended, the parties agreed and the court ordered separate hearings (1) on the issue of "whether or not the plaintiff does have an easement over the driveway in question"; and (2) on "the issue of damages, if it should be determined that she does have such easement." After the hearing of evidence on the first issue in question the court entered an interlocutory decree finding the facts and, thereafter granting the injunction, as prayed, as follows: "It is therefore ordered, adjudged and decreed that defendants Fern Noell, Milton Earl Durham and Nabby Durham are hereby permanently restrained and enjoined from placing or maintaining any obstruction in the said driveway * * * and are further permanently restrained from doing any act which would constitute an interference with the use of said driveway by plaintiff or any other person who may desire to use the same as a means of ingress and egress from Elizabeth street to plaintiff's property for any lawful purpose, either upon foot or in vehicles. That defendants may maintain a sign stating that said driveway is a 'private drive' but such sign shall not contain the words 'keep out' or any similar words as such is an improper interference with the right of persons to use said driveway in going to or coming from plaintiff's property."

Of course, as an incident to granting the injunction to prevent interference with the easement claimed, the trial court made a finding of fact, including one that "plaintiff and her predecessors acquired an easement by prescription which had existed for about thirty years before plaintiff's use was interrupted by defendants." Thereafter, the court heard evidence on the issue of damages and assessed plaintiff's actual damages of $150 and the prior interlocutory decree was thereupon ordered "made final."

In support of its conclusion that title to real estate is involved in a constitutional sense, the Court of Appeals' opinion cites: Farmers Drainage Dist. of Ray County v. Sinclair Refining Co., Mo.Sup., 255 S.W.2d 745; Zinser v. Lucks, 361 Mo. 671, 235 S.W.2d 844, 847; Dillen v. Edwards, Mo. Sup., 263 S.W.2d 433, and Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894.

We took jurisdiction of the Farmers Drainage District case because a constitutional issue was presented. 255 S.W.2d 745, 746(1). See also observations on easements, Id., 255 S.W.2d 746, 748. The Zinser and Dillen cases, relied upon, have since been overruled in the case of Gibson v. Sharp, Mo.Sup., 270 S.W.2d 721, 724, wherein it is expressly stated that we erred in taking jurisdiction of said cases. 270 S.W.2d 721, 724. The opinion in the Jacobs case expressly points out that that action was one "to quiet the title to and enjoin the use of a strip of land constituting a part of a joint driveway" and the court found that plaintiff and defendants "were the absolute owners of their respective adjoining lots but the court also found and decreed that each owner's absolute title was subject to an easement in his or her neighbor, consisting in the right to use the joint driveway as a means of access to the joint garage." 190 S.W.2d 894, 895. The case does not support the conclusion reached that title to real estate is directly involved in the present case.

250

The mere fact that it may be necessary to determine the existence or the ownership of an alleged easement in order to rule the ultimate issue presented in the cause, and that such is done by the trial court, does not give this court appellate jurisdiction on the ground that title to real estate is involved, within the meaning of Art. V, Sec. 3, Const. of Mo.1945, V.A.M.S., where neither party seeks an adjudication of that issue and the trial court grants no relief with reference thereto. Nor does the mere fact that appellants in their brief, under points and authorities, contend that the trial court erred in its findings as to the existence or ownership of the alleged easement affect the jurisdiction of the cause on appeal, where the trial court has only determined such facts collaterally or incidentally for the purpose of being able to determine plaintiff's right to the relief asked, as in this case, to an injunction to prevent future interference with the easement claimed and damages for prior interference.

On the record presented, title to real estate is not directly involved within the meaning of Art. V, Sec. 3, Const. of Mo.1945, so as to give this court appellate jurisdiction of this case. Gibson v. Sharp, Mo.Sup., 270 S.W.2d 721; St. Louis-San Francisco Ry. Co. v. Silver King Oil & Gas Co., Mo.Sup., 117 S.W.2d 225; Edwards v. Missouri, K. & E. Ry. Co., 148 Mo. 513, 50 S.W. 89. And see Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 232 S.W.2d 501, 503; Chapman v. Schearf, 360 Mo. 551, 229 S.W.2d 552, 553; Larkin v. Kieselmann, Mo.Sup., 259 S.W.2d 785, 786; White v. Bevier Coal Co., Mo.Sup., 261 S.W.2d 81. The applicable rule for determining appellate jurisdiction in injunction suits, such as this, is quite similar to the rule applied in ejectment actions where title to real estate must be directly involved. Motchar v. Hollingsworth, Mo.Sup., 162 S.W.2d 805, 807(2-4); Townsend v. Lawrence, Mo.Sup., 262 S.W.2d 55; Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 476(7).

The cause should be transferred to the Kansas City Court of Appeals. It is so ordered.

All concur except WESTHUES, J., not sitting.