**CITY OF MARSHFIELD, Missouri, Plaintiff-Respondent,**

v.

**Beulah HAGGARD, Defendant-Appellant.**

**No. 45541.**

Supreme Court of Missouri,

Division No. 1.

April 8, 1957.

James H. Keet, Springfield, for appellant. Homer D. Wampler, Jr., Springfield, John Hosmer, Marshfield, of counsel.

Roy Miller, Marshfield, for respondent.

WESTHUES, Judge.

Plaintiff, a municipal corporation in Webster County, Missouri, filed this suit against the defendant Beulah Haggard for the purpose of obtaining possession of land 50 feet in width and 260 feet in length, claiming the land to be a part of Burford Street in said municipality. The defendant Beulah Haggard filed an answer wherein she alleged that she was the owner in fee of "Block Five (5), Kentucky Row, Second Addition to the City of Marshfield, Missouri," and that plaintiff City did not own any interest in said block. Plaintiff, as well as defendant, asked that the court try and determine title in and to the land in dispute. As we shall see later in this opinion, the real dispute was not title but as to the true south boundary line of Block 5. The trial court found for plaintiff City as to this issue and the defendant appealed.

Plaintiff filed no brief in this court but did file a motion to transfer this case to the Springfield Court of Appeals on the theory that this court does not have appellate jurisdiction of this case. The question is whether title to real estate is involved. We have come to the conclusion that title to real estate is not involved on this appeal. While it is true that both parties asked the court to try and determine title, that question passed out of the case in the following manner: After defendant filed an answer claiming to be the owner in fee of all of Block 5, plaintiff filed what is called an "Agreement to Confess Judgment" wherein the City disclaimed any interest in Block 5. Pursuant to an agreement and stipulation, the trial court entered a judgment on October 8, 1954, in favor of the defendant

adjudging the defendant to be the owner in fee of Block Five (5), Kentucky Row, and that plaintiff had no interest therein.

The parties then stipulated "that in order to determine the true lines and boundaries to the property involved, * * * the Court may designate a competent surveyor * * * for the purpose of determining and establishing the true lines and boundaries of said property." It was further stipulated that if such survey was satisfactory to all concerned, then for the purpose of this case, the lines so established would be considered correct. It was further stipulated that if such survey was not satisfactory, then "each side in this cause of action may select and employ a competent surveyor" to make a survey and that "the majority findings" should prevail for the purpose of the case.

It was shown by the record that defendant was not satisfied with the survey made by the court-appointed surveyor and each party had a survey made. The surveyor selected by the City agreed with the court-appointed surveyor and the surveyor employed by the defendant disagreed. The trial court heard evidence on the question with defendant claiming that the surveyor appointed by the court and plaintiff's surveyor had not made a proper survey. The trial court found for plaintiff and entered judgment on December 13, 1955. The decree established the south boundary line of defendant's property as claimed by the City to be correct. The effect of this was that the south boundary line of defendant's property was farther to the north than claimed by the defendant. The decree established an easement in the 50 x 260 foot strip of ground for street purposes. The decree affirmed the judgment entered as per stipulation that the defendant was the absolute owner of Block 5 described supra. From that judgment, defendant appealed. Plaintiff did not appeal.

Upon this appeal, defendant's sole claim is that the boundary of Block 5 as established by the decree is incorrect. Defendant does not deny that plaintiff City is entitled to an easement for street purposes.

So, the sole issue in dispute, tried in the court below, was as to the proper south boundary line of defendant's property. It is evident that title to real estate is not involved so as to vest this court with appellate jurisdiction. Albi v. Reed, Mo., 281 S.W.2d 882, loc. cit. 885, 886(5–8).

Defendant cited the case of Dillen v. Edwards, Mo., 263 S.W.2d 433, in support of her contention that this court has jurisdiction of her appeal in this case. In that case, defendants denied the existence of an easement. The court, by its decree, established an easement over defendants' land. However, the holding in that case on the question of jurisdiction was overruled in Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721, loc. cit. 723, 724(5, 6).

It follows that this case must be and is hereby transferred to the Springfield Court of Appeals.

It is so ordered.

All concur.