KANSAS CITY POWER & LIGHT COMPANY, a Corporation, Respondent,

v.

Richard R. RISS, Appellant.

No. 46116.

Supreme Court of Missouri,

Division No. 2.

April 14, 1958.

Rehearing Denied May 12, 1958.

Gresham, Boughan & Whipple, C. David Whipple, Walter J. Gresham, Kansas City, for appellant.

Irvin Fane, Joseph J. Kelly, Jr., Howard F. Sachs, Spencer, Fane, Britt & Browne, Kansas City, for respondent.

BARRETT, Commissioner.

Since 1921 the Kansas City Power & Light Company has maintained poles and electrical transmission lines across a tract of land adjacent to and formerly belonging to Park College. The company claims that its poles and lines are there by reason of an easement, executed on September 12, 1921, from Park College. In September 1954, the appellant, Richard R. Riss, purchased the tract of land from Park College and immediately set about to increase the size of a lake on the land by constructing or enlarging a dam which the power and light company claims has dangerously inundated several of its poles. In January 1956, the company instituted this action in two counts against Mr. Riss; (1) to permanently enjoin him from enlarging the dam and lake or otherwise interfering with the safe maintenance of its poles and lines, and (2) to recover $753 damages, the cost of relocating one inundated pole caused by his trespass on the company's easement. In general effect Mr. Riss' answer to both counts of the petition was a general denial; as to the company's claimed easement there was this specific allegation, "Defendant says that the alleged easement claimed by plaintiff gave it no right to maintain its poles and lines at any particular place, or at any place which might interfere with the use and enjoyment of the property by defendant."

At the conclusion of the evidence the trial court adopted the company's twenty proposed findings of fact and eleven conclusions of law which among other matters found that Park College had authority in 1921 to grant a valid easement and that it had granted the company a valid easement for the construction of its poles and lines. In its judgment the court found all issues for the company and the court specifically enjoined Mr. Riss from any further construction, particularly with respect to the dam and lake, which would interfere with or endanger its poles and lines. In addition, the court awarded the company $753 and retained jurisdiction so as to be able to give full effect to its judgment. Upon this appeal Mr. Riss urges several matters, among others it is claimed that under its charter forbidding encumbrances Park College had no authority to grant an easement and, hence, that the company's easement is void. Since the court found that the company had an easement and that the college had the power and authority to grant it, Mr. Riss urges that the appeal involves the title to real estate and is, therefore, properly lodged in this court.

As the appellant urges, an easement is an interest in real estate, and some actions concerning easements so involve the title to real estate as to confer jurisdiction of the appeal on this court, as in quiet title suits where easements are in fact found and decreed by the court. Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894. But it was not sought in this action to establish an easement and the defendant Riss did not seek to quiet the title, it was only incidentally that the court found an easement and the authority of the college to grant it. This, primarily, is an injunction suit and only injunctive relief was decreed, the court's inquiry into the easement was collateral and incidental and the court did not in point of fact adjudge or decree title in the appellate jurisdictional sense. Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721; Judge v. Durham, Mo.Sup., 274 S.W.2d 247; 17A Am.Jur., Sec. 179, p. 784. As

indicated, the appellant's principal claim is that under its charter Park College had no authority to grant an easement. Without indicating an opinion upon the merits of the appeal it could be noted that Mr. Riss is in no position in this particular action to raise the question of the authority of the college to grant an easement. 14 C.J.S. Colleges and Universities § 6, p. 1336. In Johnson v. Underwood, 324 Mo. 578, 24 S.W.2d 133, 140, thirty-eight property owners in the Parkville Benefit Assessment Special Road District, among other matters, questioned the authority of Park College, under its charter, to sign a petition creating a road district and perhaps indirectly encumbering its property. The court said, "We do not think our language in Board of Trustees of Park College v. Attorney-General, 228 Mo. 514, 523 et seq., 129 S.W. 27, with reference to the college charter, should be given the construction placed upon it by appellants, but *they are in no position to raise the question of ultra vires. This defense can only be raised by the state.*" It should be noted when it desired a construction of its charter as to its authority to spend its funds or contract a debt that the college made the attorney general a party defendant. Board of Trustees of Park College v. Attorney-General, 228 Mo. 514, 129 S.W. 27. Mr. Riss is in the anomalous position of questioning the authority of the college to grant an easement but, after a suit to declare its authority to sell, was himself a purchaser of the tract in which the easement was granted. Mr. Riss and the power and light company have a common grantor and a common source of title but neither of them saw fit to implead their grantor, Park College, in any capacity as was done in *Missouri State Oil Co. v. Fuse,* 360 Mo. 1022, 232 S.W.2d 501. This is sufficient to plainly demonstrate that title to real estate is not so involved upon this appeal as to confer jurisdiction on this court. Compare to the above cited cases, among others, Cantrell v. City of Caruthersville, Mo.Sup., 267 S.W.2d 646.

The respondent company contends that title to real estate is only incidentally involved and that this court does not have jurisdiction of the appeal upon that ground but it says that if this judgment is reversed on the ground that it does not have a valid easement it stands to lose a replacement value in excess of $14,000 and, therefore, jurisdiction of the appeal is properly in this court by reason of the amount involved. Const.Mo. Art. 5, Sec. 3, V.A.M.S. There are several obvious answers to that claim, the principal one is that upon the record and judgment here no such sum of money is involved or, as we understand, could be decreed at this stage of the case. The monetary judgment here in favor of the respondent, $753, was precisely the monetary relief prayed in its petition. It is not as if the respondent had been denied relief and the record had affirmatively shown that its loss by reason of the denial was in excess of $7,500 as was the fact in Veal v. City of St. Louis, Mo.Sup., 289 S.W.2d 7. It does not affirmatively appear and it is not demonstrable upon this record that this appeal and the judgment involve an "amount in dispute" within the meaning of this court's monetary jurisdiction. Bauer v. City of Berkeley, Mo. Sup., 278 S.W.2d 772; Koch v. Board of Regents, etc., Mo.Sup., 256 S.W.2d 785.

Again, without indicating an opinion upon the merits, for the reasons stated this court does not have original jurisdiction of this appeal and accordingly the cause is transferred to the Kansas City Court of Appeals.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.