James H. DALTON and Leona I. Dalton, Plaintiffs-Appellants,

v.

D. A. JOHNSON, Defendant-Respondent.

No. 7735.

Springfield Court of Appeals.

Missouri.

Sept. 11, 1958.

For opinion of Supreme Court see 320 S.W.2d 569.

James L. Paul, Pineville, for plaintiffs-appellants.

W. J. Collingsworth, Pineville, Douglas & Douglas, Neosho, for defendant-respondent.

RUARK, Judge.

Plaintiffs, now appellants, filed their petition wherein they asserted title in themselves to certain lands and title in defendant to certain described land adjoining on the north. They charged that for more than thirty-one years they have openly, notoriously, adversely, and peacefully used a strip of land approximately 20 feet in width and 200 feet in length running northerly from the northwest corner of their own land, across defendant's land to Patterson Creek, for the use of their livestock in watering at such creek, and that such passageway (referred to in the evidence as a "waterway") has been fenced against defendant's livestock. They stated that such user has been under claim of right and that by virtue of such claim, user, and control of the strip they have an easement; that defendant has recently obstructed the passageway and prohibited plaintiffs from its use and enjoyment.

The *prayer* was that the court determine the issues and adjudge that the plaintiffs have acquired an easement for the passage of livestock for the purpose of watering at Patterson Creek without interference on the part of the defendant, and that such easement is fencible.

The answer is a denial of each paragraph of the petition.

On trial of the cause the court found "the plaintiffs have failed to establish their right to the easement as prayed for in the petition," and judgment was rendered for the defendant and against the plaintiffs. Plaintiffs have appealed to this court.

The petition does not assert the right to, nor does it pray for, injunctive relief or, as far as we are able to ascertain, any relief except a judgment establishing a fencible easement over a strip of ground for the passage of livestock. The direct and *only* issue is whether the defendant's land shall be made subservient to such claimed easement. The petition prays for it; the judgment of the court denies it.

■ An easement is an "interest" in land and involves the title. Restatement of the Law of Property, vol. 5, sec. 450b, p. 2903; 17A Am.Jur., Easements, sec. 3, p. 619; 28 C.J.S. Easements, § 1 b, pp. 620–621; Annotation, 57 A.L.R. p. 1426; Farmers Drainage Dist. of Ray County v. Sinclair Refining Co., Mo.Sup., 255 S.W.2d 745, 749; First Trust Co. v. Downs, Mo.App., 230 S.W.2d 770, 775; Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894; see Beetschen v. Shell Pipe Line Corp., 363 Mo. 751, 253 S.W.2d 785, 786.

■ Under Art. V, sec. 3, Missouri Constitution, V.A.M.S., when the judgment sought or rendered *directly* (and not incidentally or collaterally in order to arrive at the ultimate and final question which is judicially determined) gives or denies to one litigant and conversely denies or gives to the other litigant some part, interest or moiety in the title to real estate, then jurisdiction of the appeal is in the Supreme Court. Farmers Drainage Dist. of Ray County v. Sinclair Refining Co., supra, Mo. Sup., 255 S.W.2d 745; Franck Bros., Inc., v. Rose, Mo.Sup., 301 S.W.2d 806; Mills v. Taylor, Mo.Sup., 270 S.W.2d 724; Chapman v. Schearf, Mo.App., 220 S.W.2d 757; Id., 360 Mo. 551, 229 S.W.2d 552; White v. Bevier Coal Co., Mo.App., 254 S.W.2d 42; Id., 364 Mo. 313, 261 S.W.2d 81; see

Cantrell v. City of Caruthersville, Mo.Sup., 267 S.W.2d 646; Deacon v. City of Ladue, Mo.App., 294 S.W.2d 616, 622; Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721; Id., Mo.App., 277 S.W.2d 672; Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771.

■ Since the direct effect of this judgment was to deny the plaintiffs the very thing they assert and prayed for, to-wit, an easement interest in defendant's land, title was directly involved. See Albi v. Reed, Mo.Sup., 281 S.W.2d 882; Judge v. Durham, Mo.App., 265 S.W.2d 437; Id., Mo. Sup., 274 S.W.2d 247; Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721; Id., Mo. App., 277 S.W.2d 672. Hence this court has no jurisdiction to determine, in this case, whether plaintiffs' cows may legally and by right of easement cross over the defendant's land in order to quaff the waters of Patterson Creek, but we must surrender that question to the court which is constitutionally qualified to decide it. Accordingly it is ordered that the case be transferred to the Supreme Court.

STONE, P. J., and McDOWELL, J., concur.