Earl A. GINTER et al., Trustees of Webster Meadows Subdivision, (Plaintiffs) Appellants,

v.

CITY OF WEBSTER GROVES, a Municipal Corporation, (Defendant) Respondent.

No. 30427.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1960.

Marvin E. Boisseau, Marvin E. Boisseau, Jr., St. Louis, for appellants.

Husch, Eppenberger, Donohue, Elson & Jones, H. Jackson Daniel, Shulamith Simon, St. Louis, for respondent.

JAMES D. CLEMENS, Special Judge.

This is an action for a judgment declaring that the streets of a subdivison are private rather than public. The plaintiffs are the Trustees of Webster Meadows Subdivision. Defendant city contends that the streets are public by virtue of both statutory and common-law dedication. The trial court found for the defendant city, decreeing that the streets have been "dedicated to the public use forever."

The issue arose from these circumstances: In 1954 the developer of the subdivision filed a plat with the defendant city. It recited, inter alia, that the streets thereon described were dedicated to public use forever. By ordinance the city approved the plat, but reserved the right to withhold acceptance of the streets until the improvement thereof was satisfactory to its city engineer. The plat, showing the city's reservation, was then recorded simultaneously with a trust indenture. This indenture conveyed the subdivision to plaintiff Trustees, and stated that the streets were to be reserved for the exclusive use and benefit of the lot owners. In 1958 and 1959 the city performed minor maintenance on the streets. In March of 1958, plaintiff Trustees executed a document designed to revoke the purported dedication of the streets. Defendant city countered by passing an ordinance accepting the purported dedication. This action followed.

The pleadings do not present a question of the existence of an easement over the streets but seek instead a determination of the ownership of the easement. The decree was responsive to that issue, and ruled in favor of the city and against the Trustees.

The respondent city challenges our jurisdiction, asserting that the case involves title to real estate. If so, appellate jurisdiction is in the Supreme Court. Article V, Section 3, Constitution of Missouri, 1945, V.A.M.S.

The mere fact that the issues of a case concern an easement does not mean

that the case "involves title to real estate" so as to be outside our jurisdiction. If the question of the easement is only incidental or collateral to the ultimate issue we have appellate jurisdiction. See Judge v. Durham, Mo., 274 S.W.2d 247, and Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721. But, if the action directly determines a controversy involving the title to an easement, or seeks to establish or set aside an easement, then title to real estate is directly involved. Billings v. Paine, Mo., 319 S.W. 2d 653(6). We believe this case falls within the rule announced in the Billings case.

The case of White v. Bevier Coal Co., 364 Mo. 313, 261 S.W.2d 81, loc. cit. 82, was one to determine the extent of defendant's easement and whether it included the right to build a road. The Supreme Court ruled: "Since the question of whether the Coal Company owns an easement over plaintiffs' land is directly in issue, this court has appellate jurisdiction."

In Cantrell v. City of Caruthersville, Mo., 267 S.W.2d 646, 648, plaintiff sought a declaratory judgment that the city had no rights in an alley in which the city claimed an easement. The Supreme Court retained jurisdiction on the ground that the relief sought "would to some extent operate upon defendant city's title * * *."

The case of Dowd v. Lake Sites, Inc., 365 Mo. 83, 276 S.W.2d 108, loc. cit. 109, is akin to the case here. There twenty-five lot owners in a subdivision sued the developer, seeking a decree declaring that plaintiffs had an exclusive right to the use of roadways. Answering a challenge to its jurisdiction, the Supreme Court said: "* * * In the instant proceeding the pleadings sought an adjudication and the judgment adjudged and decreed in the lot owners, as an appurtenant to their respective lots, an 'exclusive' easement in the lake, roadways and parkways of the subdivision. A title controversy is in issue and adjudicated, and title to real estate is directly and not merely incidentally or collaterally involved. Juris-

diction of the appeal is in this court (citing cases)."

 Here the plaintiffs seek a declaration of an exclusive ownership of the streets, in trust for their lot owners. The defendant asserts that such streets have been dedicated to the public, and the trial court so decreed. We, therefore, conclude that this case presents an issue directly involving title to real estate. The appeal having been taken to the wrong court, it is our duty to transfer the case to the Supreme Court. Art. V, Section 11, Const. of Mo., 1945; Section 477.080, V.A.M.S. It is so ordered.

WOLFE, P. J., and RUDDY, J., concur.

ANDERSON, J., not participating.