Edward H. MUELLER and Jessie M. Mueller, Respondents-Plaintiffs,

v.

Gilbert H. LARISON and Hattie S. Larison, Appellants-Defendants.

No. 23302.

Kansas City Court of Appeals. Missouri.

June 5, 1961.

Cliff Bailey, Kansas City, for appellants.

Frank P. Sebree, Kansas City, for respondents.

CROSS, Judge.

Plaintiffs are the owners of residence property in Kansas City, Missouri, adjacent to residence property owned by defendants. The two residence lots are separated by an undescribed 22-foot strip of land which had been platted as a cushion or buffer zone between two subdivisions. The controversy stems from the use of a common driveway by the parties and their predecessors, and was precipitated when defendants erected a fence which plaintiffs claim prevented access to their garage. Plaintiffs seek an adjudication that they are the fee owners of certain lands, a decree of title to a small corner of defendants' lot as an easement, an injunction, and damages.

The petition is in two counts. In Count One plaintiffs make the claim and pray judgment that they are the fee simple owners of their described lot and also of the abutting portion of the mentioned 22-foot strip. They further claim that defendants wrongfully placed a wall and fence on plaintiffs' land, depriving them of access to their garage, and pray injunctive relief. Count Two identifies itself as an alternative count to be applicable only in the event the wall and fence are adjudged to be on defendants' land, in which event plaintiffs allege they and their predecessors in interest have owned their property for over ten years and have continuously used a driveway extending from 38th Street to their garage, and which provided the only access to plaintiffs' garage, and that such use created an easement over defendants' land by prescription, giving plaintiffs the right to continue to use the driveway. The prayer of Count Two is that plaintiffs be adjudged owners of such driveway easement, by prescription, that defendants be ordered to remove the obstructing wall and enjoined from obstructing the driveway, and that plaintiffs recover damages. In answer defendants deny and controvert plaintiffs' claims.

The court, to which the case was tried without a jury, found that the wall and fence were on defendants' property and on the concrete driveway which was also located in part on defendants' lot, and that plaintiffs, by prescription, owned an easement over the driveway, including that portion which extended upon defendants' property to a width of 4½ feet. Findings were also made that plaintiffs are owners of their described lot, together with the 22-foot strip, and that defendants are owners of their described property.

The judgment recited the following provision: "Accordingly, it is hereby ordered, adjudged and decreed that plaintiffs have an easement over the West 4½ feet of Lot 6, Mister's Resurvey of Block 3, Aberdeen, from 38th Street to a point 12 feet south of the north line of Lot 2, Block 8, Ivanhoe Park, which easement will continue in perpetuity and inure to the benefit of plaintiffs' administrators, successors and assigns". Additional provisions of the judgment required defendants to remove obstructions encroaching on the easement and permanently enjoined them from obstructing or interfering with plaintiffs' easement. Plaintiffs were awarded damages in the sum of $200. Defendants appeal.

Our first duty is to determine whether lawful jurisdiction of the appeal is vested in this court. If title to real estate is involved in the case, in the constitutional sense, then exclusive appellate jurisdiction is in the Supreme Court. V.A.M.S. Constitution, Article V, § 3.

In Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721, plaintiff sued for a mandatory injunction for removal of a dam and for permanent injunction against obstructing an easement. Neither party prayed for an adjudication of title to the land affected by the easement. It was stated in the opinion that in cases wherein the judgment sought or rendered directly determines a title controversy involving an easement and operated directly upon the title of land, appellate jurisdiction is in the Supreme Court, but that

the courts of appeals have jurisdiction in cases where the title to land is merely a subject of collateral inquiry, or in which the judgment will only affect the title incidentally or collaterally, and does not *directly* affect the title. The court points out in the Gibson opinion that *neither party sought an adjudication of title to real estate and that no adjudication of title was made,* but that plaintiff sought only injunctive relief—a remedy acting purely *in personam.* It was held that the easement ownership controversy only collaterally and indirectly affected the real estate involved—hence, jurisdiction was vested in the court of appeals. The Gibson opinion overruled Zinser v. Lucks, 361 Mo. 671, 235 S.W.2d 844, and Dillen v. Edwards, Mo.Sup., 263 S.W.2d 433, and held that those cases should have been transferred to the court of appeals. In each of the disapproved cases, injunction was sought against interference with use of an easement but no judgment directly affecting title was rendered or prayed.

In Judge v. Durham, Mo.Sup., 274 S.W. 2d 247, 248, the Supreme Court re-transferred the case to this court, after we had originally transferred it there. The reason for the re-transfer was essentially the same as stated for the transfer in the Gibson case. The Supreme Court pointed out that "plaintiff prayed for no affirmative relief with reference to the 'establishment' of such easement, nor did she seek any judicial determination of the ownership thereof", but instead only alleged that she had an easement, and the facts concerning it, and prayed for injunction against interference with its use; and, that the judgment was responsive to the prayer and related in no way to land title. The court said: "The mere fact that it may be necessary to determine the existence or the ownership of an alleged easement in order to rule the ultimate issue presented in the cause, and that such is done by the trial court, does not give this court appellate jurisdiction on the ground that title to real estate is involved, within the meaning of Art. V., Sec. 3, Constitution of Missouri 1945, V.A.M.S., *where neither party seeks*

*an adjudication of that issue and the trial court grants no relief with reference thereto."* (Our emphasis.)

We have examined other cases, similar in nature to Gibson and Judge, which have been held not to involve title to real estate and to be within the appellate jurisdiction of this court. In none of them, with possibly one exception, do we find that a direct adjudication of title or ownership of land was prayed or made. Instead, such determination was made only incidentally and collaterally and for the purpose of deciding an ultimate issue—typically, the issuance of an injunction.

■ We believe that Missouri courts are firmly committed to the view that the Supreme Court has jurisdiction of any case in which the judgment directly operates upon or affects the title to land by adjudging, in specific words and terms, that some party is the owner of a right, or interest therein. It is so stated in Gibson and Judge. It was so held in Albi v. Reed, Mo. Sup., 281 S.W.2d 882, 884, a boundary dispute, wherein plaintiff was adjudged to be owner of a strip of land, by adverse possession, and defendant was enjoined from interfering with plaintiff's ownership. The court in its opinion conceded that generally, in suits to protect an easement or to compel the removal of a dam or fence, the trial court in finding the prescriptive right does so but incidentally to the granting of the relief sought, and title to real estate is not involved in the jurisdictional sense. But, the court said, "In this case, whatever the form of the action, the court not only found the fact of title but the court purports in its judgment to adjudicate and determine title in no uncertain terms and * * * the case involves the title to real estate and jurisdiction of the appeal is appropriately in this court".

And, in Mills v. Taylor, Mo.Sup., 270 S.W.2d 724, 726, as in this case, plaintiff was seeking to be adjudged as owner of an easement for passage (a driveway) over a small corner area of defendants' adjoining realty.

He additionally prayed injunction against interference with his use of the easement. Defendant prevailed and plaintiffs appealed to the Supreme Court. That court said: "This court has jurisdiction of the appeal, since title to real estate is directly involved. Article V, § 3, Constitution of Missouri 1945, V.A.M.S.; Chapman v. Schearf, 360 Mo. 551, 229 S.W.2d 552, 553. Compare Gibson v. Sharp, Mo.Sup., 270 S.W.2d 721." Also see Dalton v. Johnson (transferred), Mo.App., 319 S.W.2d 66, (decided) Mo.Sup., 320 S.W.2d 569, and cases cited.

██ The judgment in this case is an unqualified adjudication, in definite and certain terms, that plaintiffs "have an easement" over defendants' property "which easement will continue in perpetuity and inure to the benefit of plaintiffs' administrators, successors and assigns". An easement is an "interest" in land and involves the title. See Dalton v. Johnson, Mo.App., 319 S.W. 2d 66, and cases cited. Therefore, the judgment operates directly against defendants' real estate and affects their record title, since it divests them of an interest in their property and, in formal terms, decrees in plaintiffs a quantum of ownership. We take this view under the established "test of whether or not title to real estate is directly involved", as exemplified and quoted in State ex rel. Brown v. Hughes et al., 345 Mo. 958, 137 S.W.2d 544, 545, as follows: " 'The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another'." The quoted statement is supported by citation of: Gibbany v. Walker, 342 Mo. 156, 113 S.W.2d 792, loc. cit. 793; Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771; Ballenger v. Windes, 338 Mo. 1039, 93 S.W. 2d 882. Also see Ray v. Nethery et al., Mo. Sup., 255 S.W.2d 817; Taylor v. Hughes et al., 363 Mo. 389, 251 S.W.2d 94; Dalton v. Johnson, supra; Farmers Drainage Dist. of Ray County, v. Sinclair Refining Co., Mo. Sup., 255 S.W.2d 745; Franck Bros., Inc.

v. Rose, Mo.Sup., 301 S.W.2d 806; Mills v. Taylor, Mo.Sup., 270 S.W.2d 724; Chapman v. Schearf, Mo.App., 220 S.W.2d 757; Id., 360 Mo. 551, 229 S.W.2d 552; White v. Bevier Coal Co., Mo.App., 254 S.W.2d 42; Id., 364 Mo. 313, 261 S.W.2d 81; Cantrell v. City of Caruthersville, Mo.Sup., 267 S.W. 2d 646; Deacon v. City of Ladue, Mo.App., 294 S.W.2d 616, 622; Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721; Id., Mo.App., 277 S.W.2d 672; Mack v. Mack, Mo.Sup., 281 S.W.2d 872.

We conclude that this case involves title to real estate within the meaning of the constitution, that this court is without jurisdiction, and that the appeal should be transferred to the Supreme Court.

It is so ordered.

All concur.