James O. BUNYARD and Opal Bunyard, His Wife, Plaintiffs-Respondents,

v.

J. M. TURLEY and Lucy Turley, His Wife, and Laura Robinson and E. T. Robinson, Her Husband, Defendants-Appellants.

No. 32144.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1967.

Earl R. Blackwell, Hillsboro, for appellants.

H. L. C. Weier, Dearing, Richeson, Weier & Roberts, Hillsboro, for respondents.

CLEMENS, Commissioner.

Plaintiffs James O. Bunyard and Opal Bunyard won their equity suit to declare an easement over a strip of land and to enjoin its obstruction. This appeal followed.

Plaintiffs Bunyard and defendants Turley own and occupy adjoining tracts of land in rural Jefferson County. A private roadway of sorts straddles their common boundary. In 1960 defendant J. M. Turley strung a fence along the boundary line, running down the center of the roadway. The strip of land in dispute is the part of the roadway lying on defendants' side of the boundary.

The Bunyards contended they had acquired an easement by prescription over the Turley side of the roadway, and that the fence prevented its use. Their petition was

in three counts: First, for a decree declaring an easement over defendants' land on the strength of statutory limitation; second, for a decree compelling the defendants to take down the fence and enjoining further obstruction of the easement; third, for $1,000 damages. The defendants denied every allegation. The trial court found for plaintiffs on Counts I and II.

■ Defendants-appellants say we have appellate jurisdiction because only an easement is at stake and title to real estate is not involved. Despite this concession, we must determine our jurisdiction. Smith v. McNew, Mo.App., 381 S.W.2d 369[1]. If title to real estate is involved, exclusive jurisdiction is in the Supreme Court, to whom we must transfer the case. Article V, §§ 3, and 11, Mo.Const., V.A.M.S.

■ An easement is a property interest in land carved out of an owner's fee simple title (Pendleton v. Gundaker, Mo.App., 370 S.W.2d 720[3], and Dalton v. Johnson, Mo.App., 319 S.W.2d 66[1]). But not all cases concerning easements involve title to real estate in the constitutional sense. Excluded from the constitutional term are cases where the issue is the *right to use* an admitted easement (Fischer v. Johnson, 139 Mo. 433, 41 S.W. 203), and those concerning the *location* of an easement (Allen v. Smith, Mo.App., 375 S.W.2d 874[4]). Also excluded are cases where the issue is *limited to injunctive relief*; this, because the judgment operates only *in personam* and title is a subject of merely collateral inquiry. (Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721 [3, 4].) And this is true even though "it was necessary for the trial court to inquire into the validity of plaintiff's claim of an easement over defendants' land in order to determine whether to grant or withhold the [injunctive] relief prayed * * *." (Oliver v. Wilhite, 329 Mo. 524, 45 S.W.2d 1083[2].)

But there is a distinction between cases where title to real estate is *incidentally* in issue and other cases where the judgment *directly* gives or denies "some part, interest or moiety in the title to real estate". Dalton v. Johnson, Mo.App., 319 S.W.2d 66[2], and Mo., 320 S.W.2d 569[1]. That is the jurisdictional issue before us.

■ When relief is granted, appellate jurisdiction is determined by the terms of judgment appealed from. Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771[11], (banc). We quote from the judgment here, emphasizing the parts relative to the question of title:

"* * * the Court * * * finds that the plaintiffs have a right of easement in * * * [describing a ten-foot strip over defendants' land].

"That *the right to the easement on said real estate has vested in the plaintiffs* by limitation.

"WHEREFORE, it is adjudged and decreed by the Court that the *plaintiffs be and are hereby vested with a right of easement* in and to the above described real estate to pass and re-pass over and upon said land * * * at will and without the permission of the defendants and that the defendants and all persons claiming by or under them be perpetually enjoined * * *."

When a judgment finally adjudicates the *disputed existence* of an easement over the lands of a litigant, title to real estate is involved in the constitutional sense. This is true when the easement is judicially established (Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894[1]; Mueller v. Larison, Mo. App., 347 S.W.2d 446[1], and Mo., 355 S.W.2d 5[1]); and it is also true when establishment of the asserted easement is judicially refused (Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 232 S.W.2d 501[1]; Pendleton v. Gundaker, Mo.App., 370 S.W.2d 720[3], and Mo., 381 S.W.2d 849).

Here, existence of an easement was disputed. The court decreed that plaintiffs were vested with an easement over the defendants' real estate. Here, just as in Mueller v. Larison, Mo.App., 347 S.W.2d 446[2, 3], "the judgment operates directly against defendants' real estate and affects their record title, since it divests them of an interest in their property and, in formal terms, decrees in plaintiffs a quantum of ownership."

This case involves title to real estate and must be transferred to the Supreme Court.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, it is ordered that the case be transferred to the Supreme Court.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.