C. E. DAVIS and MAE BELLE DAVIS, Appellants, v. W. G. LEA, L. L. BONDURANT and MARY BONDURANT.

Division One, April 8, 1922.

1. **INJUNCTION: Estoppel In Pais: Title to Land: Suit in Equity.** Where the petition in a suit prayed for a mandatory injunction to remove an obstruction to a right of way over land and an in-

Davis v. Lea.

junction to restrain the future obstruction thereof, and the answer pleaded estoppel in pais, the suit was one in equity and not at law.

2. ———: ———: ———: **Appellate Jurisdiction.** As the judgment in this case established an easement over land of plaintiffs other than that mentioned in their deeds, such judgment affected the title to real estate and the Supreme Court had jurisdiction of the appeal therefrom.

3. **DEEDS: Chain of Title: Reference to Other Deeds: Constructive Notice.** Both plaintiffs and defendants were charged with constructive notice of the recitals in a deed in the chain of title of defendants, in regard to an easement for a driveway along the division line between their respective lots of land, where the deed to plaintiffs was made by the same person as grantor as the grantor in a deed in the chain of title of defendants which created said easement and the deed to plaintiffs was expressly made "subject to the easement and driveway conditioned as recited in" said deed creating said easement.

4. ———: ———: ———: ———: **Estoppel In Pais: Silence.** While mere silence may not always work an estoppel in pais, yet where the party who kept silent was under a duty to speak and did not, then his silence was equivalent to concealment and would work an estoppel in favor of one who was thereby misled to his injury.

5. **ESTOPPEL IN PAIS: Driveway Between Lots: Wrong Location: Building House.** Where both plaintiffs and defendants, owners of adjoining lots and both claiming under a deed from the same original owner and to which reference is made, in which it was recited that a strip ten feet wide between the lots was reserved as a driveway and as an easement to both, subject to be changed if wrongfully located, and plaintiffs stood by and without objection or complaint saw defendants build a valuable brick house located in reference to said driveway, and by survey it was later found that said driveway, if it had been properly located, according to the measurements, would now pass through said house, the plaintiffs are estopped to complain, 'or to require a removal of said house or a relocation of said driveway.

Appeal from Randolph Circuit Court.—*Hon. A. W. Walker*, Judge.

AFFIRMED.

*Jerry M. Jeffries* for appellant.

(1) Where the only defense is that the parties agreed to a division line and that defendants acted on that agreement without protest from plaintiff and for that reason, plaintiffs are estopped, that is the only issue that can be tried. And where the court finds there was no agreed line, the defense fails. Swinehart v. St. L. Sub., 207 Mo. 423. (2) Defendants and all of those through whom they claim had actual notice that the boundary line might not be at point in curb for crossing, and all are bound by that notice. True the parties all believed the point in curb was plaintiffs' north line, but the clause in the deed creating the easement, "Grantor to pay the cost of changing the curb to conform with the driveway if necessary to be changed," caused defendant and his grantor if they acted on their belief and representations, to do so at their peril. R. S. 1919, sec. 2199; Mason v. Black, 87 Mo. 329; Garrett v. Wiltse, 252 Mo. 699; Accord v. Bealty, 244 Mo. 126; Case v. Goodman, 250 Mo. 112; Rideout v. Burkhardt, 255 Mo. 116. (a) The deeds from Haynes to Lynch, Lynch to Fennells and Fennells to Lea were duly acknowledged and recorded. The deed from Haynes to Lynch imparted notice to Fennells and Lea and all other persons. Therefore defendants must be deemed to have purchased the ground with notice of its recitals, descriptions and reservations. R. S. 1919, sec. 2199; Greer v. Lomby Co., 134 Mo. 84; Semple v. Schward, 130 Mo. App. 72. (3) Keeping in mind the answer pleads that the parties agreed to a line between their properties and thereafter acted upon such agreed line, as the defense to plaintiffs' action; keeping in mind that the deed creating the easement is in the line of defendants' chain of title; that the deed specifically declared that there is no agreed line and declared emphatically that the supposed line is not to be taken as the true line; keeping in mind that the court finds specifically that there was no agreed line, that the parties were in ignorance of the location of the true line until after all the representations of

plaintiffs and their grantors and until after all the acts of defendants and their grantors named in the answer had been said and done, the judgment is wrong or the entire law as to necesasry elements of estoppel is set aside or wiped away. And the rules of law relative to the necessity of a judgment to be based on the pleadings, and not on a theory not plead, are wiped away and nullified. Acton v. Dooley, 74 Mo. 63; Harrison v. McReynold, 183 Mo. 548; Blodgett v. Perry, 97 Mo. 273; Bigelow on Estoppel (3 Ed.) 484; Ford v. McAnnelly, 215 Mo. 390. (4) Five things are necessary to estoppel *in pais*. They are : (a) False representations or concealment of a material fact; (b) representations made with a knowledge of the facts; (c) the party to whom made must be ignorant of the truth; (d) they must be made with intent that the other party should rely on same; and (e) the other party must have acted on such representations. Bigelow on Estoppel (3 Ed.) 484; Blodgett v. Perry, 97 Mo. 273; Acton v. Dooley, 74 Mo. 63; Harrison v. McReynolds, 183 Mo. 533. (5) The building of the residence on defendants' premises and the continuous use and possession thereof were superinduced by the mistaken view, entertained by both parties, that the supposed line was the true line. There being no agreed line, there is no estoppel. Ford v. McAnnelly, 215 Mo. 390; Queensberry v. Stewart, 219 S. W. 625; Shad v. Sharp, 95 Mo. 574; McKinney v. Doane, 155 Mo. 299; 16 Cyc. 733, 734, 741; Sweinhart v. St. L. Sub., 207 Mo. 423.

*Willard P. Cave* and *A. R. Hammett* for respondent.

(1) When the person having the common source of title, sold the lot now owned by defendants, marking and pointing out the center of the driveway as the south line of defendants' lot, and thereafter sold the adjoining lot to plaintiffs, measuring off same from the center of said driveway and thereafter plaintiffs stood by and saw the Fennells, then owners of defendants' lot, build a large and expensive house, relying upon the said center of the

driveway as their south line, then plaintiffs are estopped to deny that the center of said driveway is the true line. Lindell v. McLaughlin, 30 Mo. 28; McKinney v. Doane, 155 Mo. 287; Alton v. Dooley, 6 Mo. App. 323. (2) "If the grantor showed the purchaser the wrong lines and was cognizant of his action on that information and stood silent, whilst a house was being erected and money expended, he directly led the purchaser into a line of conduct prejudicial to his interest and should not now be heard in alleging anything prejudicial to the contrary. Such acts would constitute an estoppel *in pais*." Rutherford v. Tracy, 48 Mo. 325; Major's Heirs v. Rice, 57 Mo. 384.

GRAVES, J.—Plaintiffs and defendants (the Lea's) are adjoining property owners in the city of Moberly, Missouri. The common source of title is Viola Straley Haynes. By this we mean that she was the original owner of the lots now owned by plaintiffs and defendants respectively. The properties involved are both in the west 69-foot strip off of lot 3 in out-lot 3 in Hunt and Godfrey's Addition to Moberly. The attached plat in plaintiff's brief will serve to illustrate the situation.

Davis v. Lea.

Prior to August, 1911, Viola Straley Haynes owned the south 175 feet of the 69-foot strip facing upon Epperson Street. In August, 1911, she conveyed to John E. Lynch the north 50 feet of this 175-foot tract. Lynch conveyed to Fennell and wife the south forty feet of his 50-foot lot, retaining the north 10 feet. Fennells conveyed to Lea and wife, defendants here.

It will be seen that Viola Straley Haynes had 125 feet facing Epperson Street after her deed to Lynch. In March, 1914, Viola Straley Hutsell (formerly Viola Straley Haynes) conveyed the north 50 feet of this tract to Dr. Davis and wife, the plaintiffs herein. All the deeds indicate that there was to be a 10-foot driveway between the Lynch tract and the Davis tract. To this end the deeds reserved easements in the 10 feet, over five feet on the south side of the Lynch tract and over five feet on the north side of the Davis tract.

In the petition it is charged that defendants are obstructing this driveway of 10 feet, by having and maintaining a part of a dwelling house thereon, and a garage thereon in the rear. Originally there were two counts in the petition. The prayer, which indicates the relief sought in the first count, is as follows:

"Plaintiffs further state that the defendants, though often requested by plaintiffs to desist from so obstructing said easement and driveway and unlawfully withholding the same from plaintiffs, have wholly neglected and refused to do so, all to plaintiffs' damage in the sum of twelve hundred dollars. That plaintiffs have no adequate remedy at law for the grievances aforesaid and to avoid multiplicity of suits. [It seems that in the printing of the abstract something has been omitted here.]

"Wherefore plaintiffs pray judgment against defendants for the sum of $1,200, the damages aforesaid, and that defendants be required to remove said obstructions and that they be perpetually enjoined and restrained from further denying plaintiffs use of said driveway and from further maintaining obstructions therein, and for such other and further relief in the premises as to the court may seem proper and for costs."

The second count was in ejectment for the north five feet of the tract called for in the deed to Davis and wife. This count was dismissed, and so drops out of the case. The answer, among other things contained a general denial, and a plea of estoppel by acts *in pais*. The judgment, which is predicated upon estoppel *in pais*, is as follows:

"Now at this day this cause having been heretofore heard and taken under advisement until this date and the plaintiffs having taken a nonsuit as to the second count of the petition and the petition and the pleadings, evidence, issues and arguments having been duly considered, the court upon the findings of fact and the conclusion of law heretofore made and filed, doth find that the plaintiffs are estopped from having or claiming any land north of a line running east and west and being five feet north of the line running east and west through the middle of the entrance for a driveway from Epperson Street, between the residences of plaintiffs and defendants, all in Lot Three of Outlot Three, of Hunt and Godfrey's Addition to the city of Moberly, Missouri, and plaintiffs are estopped from claiming any interest in the five-foot strip between said lines except the right of easement set forth in plaintiffs' title deed, and the court finds that the defendants heretofore erected and for a time maintained a garage on said easement and plaintiffs' damage therefor are assessed at the sum of ten dollars, and defendants are hereby restrained from placing or maintaining any obstruction on the easement between the parties being a strip five feet wide on each side of said second line above mentioned running through the middle of the entrance for said driveway, and the costs hereof are assessed against the defendants."

From such judgment the plaintiffs have appealed. Further details will be left to the opinion.

I. The parties seemed to have tried this case as one at law. They start out by waiving a jury and agreeing to try before the court. They asked declarations of

law as is done in legal actions. The second count having been dismissed, so far as the plaintiffs are concerned, there was left a purely equitable action as stated in the first count. This count sets out the facts, and prays for an injunction which is purely equitable. That part of the relief sought which was in the nature of a mandatory injunction does not change the situation. The answer pleads estoppel *in pais,* and in cases involving title to land, we have held this of itself put the case in equity and not at law. [Schneider v. Schneider, 224 S. W. 1.]

*Equity: Estoppel: Mandatory Injunction.*

That the establishment of an easement, or the cancellation of an easement, affects title to real-estate is plain enough. Under the judgment in this case there is the establishment of an easement over land of plaintiffs other than that mentioned in the deeds, and hence our jurisdiction under the Constitution. Plaintiffs' petition and the relief prayed do not give us jurisdiction, but the answer and the judgment founded thereon do give the court jurisdiction. This because under the doctrine of estoppel *in pais* the judgment affects the title of the plaintiffs to their fifty-foot lot described in their deed.

*Appellate Jurisdiction: Easement.*

This being a case so clearly upon the equity side of the court, we shall treat it as such, notwithstanding the attitude of the parties in the trial.

II. The court made a finding of facts upon which is predicated the judgment of estoppel *in pais.* This finding of facts is as follows:

*Findings.*

"The court sitting without the aid of a jury, finds that on and prior to the 25th day of August, 1911, one Viola Haynes was the owner of the south 175 feet of the west 69 feet of Lot 3 in Out Lot 3 in Hunt and Godfrey's Addition to the city of Moberly, Missouri; that prior to said day Epperson Street on the west side of said property was being improved by paving and the laying of a new sidewalk. J. E. Lynch was one of the contractors doing the work. Prior to the completion of

said improvements the said Viola Haynes agreed to
sell and said Lynch agreed to buy the north 50 feet of
the above described parcel. Pursuant thereto the said
Viola Haynes measured with a tape line from the inner
side of the sidewalk, south of said property, northward
along Epperson Street, supposedly 125 feet, to determine
the southern boundary of the parcel sold to Lynch and
the proper point for an entrance through the street curb-
ing for a driveway ten feet wide to be established with
said boundary as its middle line. Thereafter the entrance
for the proposed driveway was made through the street
curbing and over the sidewalk according to the measure-
ments made and on said 25th day of August, 1911, the said
Viola Haynes, by warranty deed, conveyed to said J. E.
Lynch said fifty-foot parcel with descriptions and recitals
as follows:

"'All of the north fifty feet off of Lot Three in
Out Lot Three of Hunt and Godfrey's Addition to Mob-
erly, Missouri, as follows: Begin at the southwest cor-
ner of said Lot 3, run east 119 feet, thence north 175
feet, thence west 119 feet to west line, then south 175
feet to place of beginning, except the east fifty feet sold
to Oliver. This also conveys an easement of right-of-
way for a driveway 10 feet wide to be kept open for both
owners, same to be located five feet on the south side of
the above ground and five feet on the north side of the
remaining ground of the grantor and same to be used
as a driveway by the owners of land lying immediately
north of the land herein conveyed, same to be used by
the grantor and grantees and their heirs and assigns as
a driveway, grantor to pay the cost of changing curb to
conform to driveway, if necessary to be changed, grantor
to pay costs of paving and curbing as now laid.'

"On the 5th day of April, 1913, said J. E. Lynch
sold and conveyed by warranty deed to John Fennell
and wife the south 40 feet of the ground above described,
using the same descriptions and recitals as to driveway,
but making no reference to the cost of changing any
curbing. Said sale was made by the said Viola Haynes,
acting as the agent for said Lynch, and she pointed out

to the purchaser, John Fennell, the line running east and west through the middle of the entrance for said driveway as the south line of the parcel being bought by him.

"On the 12th day of April, 1914, Viola Haynes sold and conveyed, by warranty deed, to the plaintiffs all of the north 50 feet of the south 125 feet of the west 69 feet of Lot 3 of Hunt and Godfrey's addition to Moberly, Missouri, beginning at the southwest corner of Lot 3, run east 119 feet, thence north 175 feet, thence west 119 feet to the west line, thence south 175 feet to the place of beginning, except the east 50 feet sold to Oliver, subject to the easement and driveway conditioned as recited in the deed from grantor to J. E. Lynch dated August 25, 1911; that the grantor Viola Haynes, at the time of making said sale, pointed out to the plaintiffs the line running east and west through the middle of the entrance for said driveway as the north line of the parcel being bought by them, and plaintiffs knew that the said line had likewise been pointed out to John Fennell and wife. John Fennell and wife on the one hand and the plaintiffs on the other apparently accepted the statements of Mrs. Haynes as to the location of the lines between their parcels. The parcels were unimproved and the location of the line between them was not brought in question until the year 1917. In that year Fennell and wife improved their parcel by erecting thereon a brick residence costing about three thousand dollars. They relied upon the statements of Mrs. Haynes as to the location of their south boundary, and acted upon the same by erecting their residence five feet north of the line pointed out, intending to leave the five feet for their part of the driveway. Mrs. Haynes and the plaintiffs all knew that Fennell and wife, in locating their house, were relying upon the line pointed out to them by Mrs. Haynes and none of them made any objections to the location of the south line of the house, but plaintiffs did make objections that the said house was being located too close to Epperson Street on the west.

"On March 28, 1918, Fennell and wife sold and con-
veyed their property to defendant Lea, by deed, using
the same description contained in the deed from Lynch
to them.

"Thereafter Viola Haynes sold and conveyed the
south 75 feet of said Lot 3 to one Cundiff.

"In the summer of 1919 the plaintiffs, contemplat-
ing the erection of a residence on their parcel, caused
it to be surveyed. That survey and the evidence shows
that the true line between the parcels of plaintiffs and
defendants is nine feet north of a line running through
the middle of the entrance for the driveway pointed out
by Mrs. Haynes and is one foot north of the south line
of defendants' dwelling. The survey caused by plaintiffs
imparted to plaintiffs and defendants and defendants'
grantors, John Fennell and wife, the first knowledge they
ever had as to the location of the true line.

"The court further finds that at and prior to the
institution of this suit, defendants had erected and for
a time maintained a private garage which extended south
of the line running through the middle of the entrance
of the driveway."

A careful reading of the evidence shows this to be a
fair finding of the facts. By the judgment which follows
it, the fact appears that the plaintiffs have lost a part of
their lot by this lawsuit. Do these facts, and the in-
ference to be drawn therefrom, sustain the judgment?
By the Lynch deed, the first in the controversy, two
things appear. First, there appears the full description
of the south 175 feet of the said lot 3, showing the metes
and bounds as well as the starting point. Secondly,
there appears that Viola Straley Haynes and
Mr. Lynch might not have thoroughly agreed
upon the dividing line of their properties, for
the reason that in such deed is the clause "grantor to
pay the cost of changing the curb to conform to driveway,
*if necessary to be changed,* grantor to pay costs of pav-
ing and curbing as now laid." The short phrase "if
necessary to be changed" might well be construed to
mean that the parties might not have undertaken to

Recitals
in Deed.

permanently fix the dividing line and this 10-foot drive-
way, but had in view that its location might have to be
changed, when the exact location had been determined.
The survey made before the trial did change its location,
and the court in effect so finds.   This Lynch deed was in
defendants' chain of title, and was at least constructive
notice to them as to all recited facts.   So that defend-
ants' claim must be sustained upon other evidence than
the deeds.   The house (a substantial brick structure)
was built by the Fennells.   Viola Straley Haynes sold
to them for Lynch.   She pointed out the center of this
driveway as the line between the Lynch lot, and her prop-
erty on the south.   At least from thence on the parties
seemed to have looked upon the center of the driveway as
the dividing line.   Plaintiffs seemed to have so con-
sidered it, until they surveyed to build their house. Plain-
tiffs saw the Fennells build a portion of their house on
their land, and lodged no complaint.   This is
the thing that estops them, if this act has that
force.   Under the deeds in evidence, and the
positive evidence of the survey, the plaintiffs are entitled
to recover more than given them by this judgment.   Es-
toppel *in pais* is the only thing that can preclude plain-
tiffs from a different recovery.   The sole question then
is, do these facts sustain the judgment, based as it it up-
on equitable estoppel, as estoppel *in pais* is sometimes
denominated?   Of this in the succeeding paragraph.

Estoppel
Facts.

III.   Plaintiffs obtained title to their lot in March,
1914.   All these tracts were unimproved at that time.
When the Fennells began the construction of the house in
1917, one of the plaintiffs complained about the building
line (the line to the front of the lots, to which buildings
were to conform), but no complaint was made as to the
house being built too far south.   All parties stood by and
saw the house built as it stands now.   A survey
of the premises was open to the one as well as
the other.   Defendants will be materially hurt,
if they are to be compelled to take down and remove a
brick house.   A word of complaint from the plaintiffs in

Estoppel
in Pais.

1917 might have occasioned a survey and thereby a settlement of the matter prior to the erection of the house. They stood by and saw the building go up, without complaint, and knowing that Fennells were relying upon the center line of the then marked out driveway as the south line of their lot. In equity can plaintiffs now complain? We think not. In the first instance by incorporation the Lynch deed was as much in their chain of title as it was in that of defendants. In their deed it is recited "subject to easement and driveway conditions as recited in deed from grantor to J. E. Lynch, dated August 25th, 1911." So they had the same constructive notice as the Fennells had. Fennells possessed no knowledge that plaintiffs did not possess. If the Lynch deed tended to show that the driveway was not permanently fixed and might thereafter be changed, the plaintiffs had the same constructive notice of that fact as had the Fennells, because the Lynch deed which created the easement was as much in one chain of title as it was in the other. With all this knowledge they stood by and allowed Fennells to expend their money in the erection of this house without a word of complaint or protest. It is true that mere silence may not always work an estoppel, but if such silence is equivalent to concealment then it will work an estoppel. [10 R. C. L., p. 693.] The Lynch deed was record notice to both parties that this driveway might be changed. Plaintiffs as well as defendants had this record notice. The facts show that the parties were proceeding upon the theory that the center of this drive was the line, but both sides knew that either could have it changed under the terms of the Lynch deed. If the plaintiffs intended to have it changed from the status fixed by the Lynch deed, it was their duty to speak before this house was built. If their purpose was to undo what Viola Straley Haynes and J. E. Lynch did under and by the Lynch deed it was their duty to speak, and silence, where there is a duty to speak, amounts to a concealment, and justifies the application of the doctrine of estoppel *in pais*. This driveway had been located before the Lynch

deed. The Lynch deed fixed the rights of the parties in relation thereto. In so fixing the rights, this deed provided that if the driveway was changed then the grantor of plaintiffs (Viola Straley Haynes) was to pay the cost of changing the curbing, to conform to the change of the driveway.

If then there was an intent upon the part of plaintiffs to ever change the location of this driveway under the terms of this Lynch deed, it was their duty to speak before Fennells built this house. The Lynch deed is a two-edged sword. Whilst it does not fix the permanent location of this driveway on the one hand, yet its wording is such that if it was to be changed in the future, the parties and their privies must speak. As said, it is in the line of both titles involved in this case, and if plaintiffs desired to change the location of the driveway they should have spoken when Fennells began the erection of the house now owned by defendants.

The trial court reached the equities of this case in its judgment, and such judgment is affirmed. All concur.