**James K. PENDLETON and Patricia Pendleton, Plaintiffs-Appellants,**

**v.**

**Gordon A. GUNDAKER, Jr., and Donna Lee Gundaker and Robert C. Peck and Anna Peck, Defendants-Respondents.**

**No. 31335.**

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1963.

James K. Pendleton, pro se, St. Louis, for appellants.

Herbert W. Ziercher, Robert C. Jones, Ziercher, Tzinberg, Human & Michenfelder, Clayton, for respondents.

WILLIAM M. KIMBERLIN, Special Judge.

Plaintiffs brought this suit in equity to enjoin defendants from obstructing or interfering with the use of a driveway and for a declaration that the driveway easement is a permanent servitude appurtenant to and for the benefit of plaintiffs' land and for judgment for $2,000.00 for damages.

The facts will be stated briefly. Plaintiffs, who are husband and wife, are the owners of Lot 21 in Block 43, Kenwood Homesites, St. Louis County, Missouri, on which there is located a family dwelling and a garage at the back of the dwelling. Lying immediately adjacent to the west of Lot 21 is Lot 22 which is owned by the defendants. Both lots abut on the south side of Daiber Avenue, a public highway. Daiber Avenue is the only public roadway touching either of these lots. Lots 21 and 22 were held in common ownership prior to the acquisition of the respective lots by plaintiffs and defendants. At the time of plaintiffs' purchase there was an eleven foot asphalt driveway along the west side of plaintiffs' dwelling and located on Lot 22. Plaintiff, Patricia Pendleton, testified she examined the grounds two or three times prior to purchase and knew there was a driveway on Lot 22; that "when we bought the lot our dimensions were 40 feet and anybody could see our driveway was not included." It was admitted that the plaintiffs' deed of purchase made no mention of any grant or reservation of an easement over Lot 22.

Defendants dug up the driveway located on Lot 22 and were in the process of erecting a house on Lot 22, a substantial portion of which was located on the former driveway, when plaintiffs brought this suit in equity. One of the defendants, Robert C. Peck, said that he had no information that plaintiffs were claiming any part of Lot 22.

Defendants' answer is in the form of a general denial. The cause was heard by the trial court on its merits, rather than for a temporary injunction and the judgment of the trial court was a dismissal of plaintiffs'. petition. After-trial motions were overruled, and this appeal ensued.

At the outset it is the duty of this court sua sponte to investigate and examine the entire record and determine if it has jurisdiction of the cause, even though the jurisdiction is not challenged. In the instant case the defendants did not challenge the jurisdiction of this court. Authority for this proposition is stated in the case of Vogrin v. Forum Cafeterias of America, Mo. App., 301 S.W.2d 406, l. c. 407:

"At the outset it is the duty of this court to examine the record and determine if it has jurisdiction even though the jurisdiction is not challenged. In the instant case the defendant did not challenge this court's jurisdiction. In the case of Briley v. Thompson, Mo. App., 285 S.W.2d 27, 29, the law is stated as follows:

" 'This court's jurisdiction has not been challenged. Nevertheless, it is our duty to examine the record and determine this court's jurisdiction, whether challenged or not.'

"Furthermore, as recently stated by the Springfield Court of Appeals in the case of Taney County v. Addington, 296 S. W.2d 129, 'Appellate jurisdiction may not be conferred by waiver, acquiescence or even express consent * * * it becomes our initial duty in each case to inquire into and determine our jurisdiction, sua sponte.' "

Other cases announcing this well-established principle of law relative to appellate jurisdiction are City of Olivette v. Graeler, Mo.App., 329 S.W.2d 275, and Johnson v. Duensing, Mo., 332 S.W.2d 950.

This court is one of general appellate jurisdiction and the Supreme Court is one of limited jurisdiction. The Missouri Constitution of 1945, Article V, Section 3, V.A.M.S., provides "The supreme court

shall have exclusive appellate jurisdiction in all cases involving \* \* \* title to real estate \* \* \*." The jurisdictional question before this court is whether under the facts of this case title to real estate is involved within the meaning of Article V, Section 3 of the Constitution so as to lodge the exclusive appellate jurisdiction of this cause in the Supreme Court.

In the case at bar, plaintiffs have asked not only for an injunction, but for a declaration that the driveway easement in question is a permanent servitude on Lot 22 and appurtenant to and for the benefit of plaintiffs' land. The plaintiffs' main theory of recovery, as advanced in their brief, is that they are entitled to a declaration of an easement by necessity in Lot 22. The defendants deny this easement exists. The issue, therefore, is squarely joined and before plaintiff can obtain a judgment it must be decreed by the court that a permanent easement exists in Lot 22.

This court is not unmindful of the cases in Missouri involving this jurisdictional point that have drawn a distinction between when title to real estate is directly involved to vest exclusive appellate jurisdiction in the Supreme Court and when it is only collaterally and incidentally involved to lodge appellate jurisdiction in the several Courts of Appeals of this state.

In the case of Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 232 S.W.2d 501, the Supreme Court had before it a judgment and decree establishing a permanent easement on and across the defendants' real property and an order permanently restraining defendants from interfering with plaintiff's use. The court, in its opinion at l. c. 503, of 232 S.W.2d stated as follows:

"This court has appellate jurisdiction of the case on the ground that 'title to real estate' is involved. Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894; Wallach v. Stetina, Mo.Sup., 20 S.W.2d 663; Davis v. Lea, 293 Mo. 660, 239

S.W. 823. See also Chapman v. Schearf [360 Mo. 551], 229 S.W.2d 552; Section 3, Article V, Constitution of Missouri 1945, Mo.R.S.A.Const. Art. V, § 3. We here note that this is not a case wherein the relief sought by a plaintiff is an order restraining the interference with an alleged existing easement, and wherein proof of title to the alleged easement is merely supportive of the prayer for the injunctive order. In such a case 'title' is only collaterally or incidentally involved. Wallach v. Stetina, supra. In the instant case, the plaintiff has additionally sought the relief of an adjudication of the existence of an easement—an interest in land in another's possession. It is true 'title' in the sense of evidence of ownership of a fee simple estate is not in issue; but the relief sought is a decree establishing an easement, which easement would interfere with the absolute owners', defendants', right of exclusive and unrestricted possession and user, and which decree would amount to an adjudication of such an interest in defendants' real estate as would encumber the land and cloud the clarity of defendants' otherwise perfect fee simple title. The relief sought, if granted, would directly operate upon defendants' title 'in some measure or degree.' See Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771, 776. \* \* \*"

The Supreme Court in the later case of Billings v. Paine, Mo., 319 S.W.2d 653 at l. c. 657, made the following pronouncement:

"\* \* \* We have held that an action which directly determines a controversy involving the title to an easement, or seeks to establish an easement, or seeks to set aside an easement, is properly in this court. Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721; Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 232 S.W. 2d 501, 503; Robb v. N. W. Electric

Power Co-operative, Mo., 297 S.W.2d 385; Peters v. Platte Pipe Line Co., Mo., 305 S.W.2d 413. On this theory we accept jurisdiction."

More recently the Kansas City Court of Appeals in the case of Mueller v. Larison, Mo.App., 347 S.W.2d 446, recognized this jurisdictional question. This was a controversy stemming from the use by the parties of a common driveway which separated two residence lots owned by the parties. Plaintiff, among other things, asked for an adjudication that they were the owners of an easement over a portion of the defendant's lot. The Kansas City Court of Appeals held that the exclusive appellate jurisdiction was in the Supreme Court because title to real estate was involved within the Constitutional sense and transferred the case. An excerpt from the opinion is as follows:

"The judgment in this case is an unqualified adjudication, in definite and certain terms, that plaintiffs 'have an easement' over defendants' property 'which easement will continue in perpetuity and inure to the benefit of plaintiffs' administrators, successors and assigns'. An easement is an 'interest' in land and involves the title. See Dalton v. Johnson, Mo.App., 319 S.W.2d 66, and cases cited. Therefore, the judgment operates directly against defendants' real estate and affects their record title, since it divests them of an interest in their property and, in formal terms, decrees in plaintiffs a quantum of ownership. We take this view under the established 'test of whether or not title to real estate is directly involved', as exemplified and quoted in State ex rel. Brown v. Hughes et al., 345 Mo. 958, 137 S.W.2d 544, 545, as follows: ' "The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another".' " (l. c. 449 of 347 S.W.2d)

The two principle cases holding that the Supreme Court does not have exclusive appellate jurisdiction because title to real estate is only collaterally and incidentally involved are Albi v. Reed, Mo., 281 S.W.2d 882, and Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721. These cases delineate the distinction between where title is directly involved and where only collaterally and incidentally involved. A number of authorities are cited in these two cases. However, it is the considered view of this court that these two cases and the authorities therein cited are not applicable to the instant case.

It is true in the case at bar injunctive relief is requested which operates in personam, but in addition and more significant the plaintiffs requested a declaration or adjudication by this court of a permanent easement or servitude over Lot 22. This, in the considered judgment of this court, is a determinative factor and affects or operates upon the title in some degree adversely to the defendants and in favor of the plaintiffs. This clearly encumbers defendants' Lot 22 and places a cloud on defendants' title. The establishment of the easement certainly interferes with the defendants' absolute and exclusive right to the possession of Lot 22 and if plaintiffs obtain a judgment as prayed defendants must tear down their house and reconstruct the driveway. An interest in defendants' land would of necessity be thereby carved out of Lot 22 and that interest vested in the plaintiffs. Therefore, title to real estate is directly involved within the meaning of Article V, Section 3 of the Missouri Constitution of 1945, and the Supreme Court of Missouri has exclusive appellate jurisdiction over this controversy.

For the reasons heretofore assigned, this cause is hereby transferred to the Supreme Court.

RUDDY, P. J., and WOLFE, J., concur.