**Leo FARRIS and Rosie Lee Farris, Plaintiffs-Appellants,**

v.

**Adele H. HENDRICHS, Adrian W. Harper, Trustee, Sidney Kleg, Marie Whelan, and Gertie Marbain, Defendants-Respondents.**

**No. 32040.**

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

Morton L. Schwartz, St. Louis, for appellants.

Michael J. Ebeling, Clayton, for respondent Adele H. Hendrichs.

Ronald M. Lending, St. Louis, for respondents Harper, Kleg, Whelan and Marbain.

CLEMENS, Commissioner.

Plaintiffs lost their home by a foreclosure sale, and by this action they seek to compel a reconveyance. Upon trial in the circuit court, judgment went against plaintiffs, and they appeal.

Plaintiffs and defendants "agree" that we have appellate jurisdiction. Their briefs say that this action "did not directly attack title to real property, but was rather a suit to set aside a foreclosure and for an accounting." That statement sounds incongruous and warns us that title to real estate may be involved in a constitutional sense. If so, the Supreme Court has exclusive jurisdiction (Art. V, § 3, Mo.Const., V.A.M.S.). We must determine our jurisdiction, even though it is challenged by neither litigant. Smith v. McNew, Mo. App., 381 S.W.2d 369[1]. So, we must both ask and answer the question: Is title to real estate involved where plaintiffs claim to have lost title to real estate by

the defendants' wrongful sale by trustee's deed, and seek to compel a reconveyance? The answer will be found by considering "the judgment sought or rendered." Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, banc, 2 S.W.2d 771 [11].

■ Where a judgment adjudicates title to real estate, appellate jurisdiction is determined from the judgment itself; but where, as here, the trial court denies relief, then appellate jurisdiction is determined by the relief sought, as shown by the pleadings. Nettleton Bank v. McGauhey's Estate, supra, notes 10 and 11. So, we look first to the plaintiffs' petition.

In essence, it alleged: In 1957 the plaintiffs bought a house from defendant Adele H. Hendrichs for $8,000. Part of plaintiffs' payment was made by their $3,950 installment note to Mrs. Hendrichs, secured by a second deed of trust to defendant Adrian W. Harper, as trustee for Mrs. Hendrichs. Plaintiffs irregularly but fully paid the monthly installments, but in 1963 Mrs. Hendrichs wrongfully ordered the trustee to advertise the house for foreclosure sale. Meanwhile, Mrs. Hendrichs refused plaintiffs' request for an accounting to show that their note was not delinquent, but she told them there was "nothing to worry about" if they would just keep paying her, which they did. Mrs. Hendrichs thereby fraudulently lulled plaintiffs into a sense of security. Despite plaintiffs' protests and their offer to pay any demonstrated delinquencies and the expenses of the oncoming foreclosure sale, Mr. Harper forged ahead; and for the inadequate sum of $1,500, he executed a trustee's deed to defendant Marie Whelan as a straw party for defendant Sidney Kleg. The deed was duly recorded. By an additional count, plaintiffs say that before the foreclosure sale Mrs. Hendrichs sold their note to defendant Sidney Kleg, and that they paid him $250 on his promise to reconvey the house to them subject to the prior deeds of trust; that in reliance of that promise they took no action to forestall the foreclosure sale;

and that Mr. Kleg has refused to reconvey to the plaintiffs, as promised. In both counts, plaintiffs prayed for an accounting to determine the amount of their indebtedness; that upon payment of that amount into court, the defendants be ordered to execute deeds of reconveyance to the plaintiffs; and if defendants fail to reconvey, that the court decree title in the plaintiffs. The defendants' answers conceded nothing and sought no relief beyond dismissal of the petition.

■ Our reasoning will be guided by two Supreme Court cases—one general and one specific. The general guideline for determining whether a case involves title to real estate in the constitutional sense was drawn in the landmark case of Nettleton Bank v. McGauhey's Estate, supra, note 8: "The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another." If these plaintiffs are to have the relief they seek, the court must "take title from one litigant and give it to another." So, our case meets the general test of Supreme Court jurisdiction.

■ The more specific jurisdictional boundary line was drawn in Rice v. Griffith, 349 Mo. 373, 161 S.W.2d 220[1]: "Earlier as well as later decisions of this court hold that suits to cancel deeds directly affect the title to real estate." That controls here because these plaintiffs seek a reconveyance that would cancel the trustee's deed by which they lost their title. Our case fits snugly within both the general and the specific boundaries set by the Nettleton and the Rice cases. Those same principles have been applied in other cases to hold that title to real estate is involved where, as here, plaintiffs sought to set aside trustees' deeds after foreclosure sales. See Cordia v. Matthes, Mo.App., 122 S.W.2d 32; Starr v. Mitchell, Mo.App., 231 S.W.2d 299[2]; Carwood Realty Co. v. Gangol, Mo., 232 S.W.2d 399[1]; Casper

v. Lee, 362 Mo. 927, banc, 245 S.W.2d 132[2].

Accordingly, we hold that this action involves title to real estate and that jurisdiction is in the Supreme Court, to which the case should be transferred. Section 477.080, V.A.M.S.; Art. V, § 11, Mo. Const., V.A.M.S.

PER CURIAM:

The foregoing opinion by CLEMENS, C., is adopted as the opinion of this court. Accordingly, the case is ordered transferred to the Supreme Court.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.