**Grayling ROBBINS, a Minor, by Patricia Cookemboo, Next Friend, and Patricia Cookemboo, Plaintiffs-Appellants,**

v.

**Thomas MYERS, Defendant-Respondent.**

No. 32350.

St. Louis Court of Appeals.

Missouri.

July 19, 1966.

Vincent M. Igoe, St. Louis, for appellants.

Evans & Dixon, by John C. Shepherd and Paul V. Gilbert, St Louis, for respondent.

CLEMENS, Commissioner.

At the threshold of this appeal we are faced with the question of our jurisdiction. If the "amount in dispute" exceeds $15,000, appellate jurisdiction is in the Supreme Court. Mo.Const., Art. 5, § 3, V.A.M.S.; § 477.040, V.A.M.S.

By Count I of the petition, minor plaintiff Grayling Robbins, by his next friend, sued defendant for $15,000 for personal injuries. By Count II, his mother, plaintiff Patricia Cookemboo, sued defendant for $750 medical expenses arising from the boy's injuries. At the close of plaintiffs' evidence, the trial court granted defendant's motion for a directed verdict. Judgment was entered for the defendant, and the plaintiffs appeal.

When a plaintiff appeals from a judgment denying recovery, the amount claimed in the petition is the "amount in dispute" for determining appellate jurisdiction. Nydegger v. Mason, Mo., 315 S.W.2d 816[1]; Myers v. City of Palmyra, Mo., 355 S.W.2d 17[1], 92 A.L.R.2d 791. Here, the minor plaintiff sued for $15,000 and the adult plaintiff sued for $750. When

co-plaintiffs appeal from a judgment denying recovery and the *aggregate* amount sought exceeds $15,000, as it does here, the Supreme Court has appellate jurisdiction. City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 204 S.W.2d 726[3]; O'Dell v. Division of Employment Security, Mo., 376 S.W.2d 137[1].

So, the appeal must be transferred to the Supreme Court. § 477.080, V.A.M.S.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the cause is ordered transferred to the Supreme Court.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.