Elwyn L. CADY, Jr., Plaintiff-Appellant,

v.

HARTFORD ACCIDENT AND INDEMNI-
TY COMPANY, a Corporation,
Defendant-Respondent.

No. 32771.

St. Louis Court of Appeals.

Missouri.

July 25, 1968.

Elwyn L. Cady, Jr., pro se.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, Parks G. Carpenter, St. Louis, for defendant-respondent.

GEORGE W. CLOYD, Special Judge.

Plaintiff seeks a recovery against defendant as a result of damages sustained when his automobile was involved in a collision with another automobile in Austin, Texas. Plaintiff's petition prays damages in the sum of $10,000.00 compensatory and $10,000.00 punitive damages. The trial court sustained Defendant's Motion to Dismiss and plaintiff appeals.

The Texas collision is alleged to have occurred as a result of improper and inadequate repairs of damage to plaintiff's automobile which was caused by a prior collision in which the automobile was involved in Kansas City, Missouri, on September 13, 1956.

Plaintiff alleges that his automobile was damaged in the sum of $1,000.00 in that first collision in Kansas City and that thereafter he "had entered into a valid contract for full repair of all damage proximately caused by the collision as set forth above"—(i. e., the Kansas City casualty).

Plaintiff does not specifically identify the status of the defendant or its relation to any of the parties, but from the whole record it may be safely assumed that defendant was the liability insurance carrier of one Wesselman, who was the driver of the other vehicle involved in the first collision in Kansas City, and who plaintiff alleges was legally responsible for damage

plaintiff sustained on that occasion. After alleging the Kansas City collision, the legal liability of Wesselman and the contract for repairs noted above, plaintiff then pleads the following:

"7. That in wanton, reckless and heedless disregard for the rights of plaintiff, and for his safety of life and limb, defendant proceeded to interfere with the above-mentioned contract of repair by directing its employee to make contact with the party obligated to make repair under the said contract and influence said party or parties to perform less than a full and complete repair of said automobile and so procured and prevailed upon the party or parties performing repair under the said contract to accomplish less than a complete and safe repair of said automobile in a planned and deliberate effort with that legal malice of a wrongful action intentionally done to profit by a reduction of repair costs for the damage sustained in the collision set out above for which defendant was likely to be responsible in law.

"8. That as a direct and proximate result of such inadequate repair of said automobile caused by defendant, plaintiff was placed in a position of danger, fear, and apprehension for his safety, in that suddenly and without warning, while said plaintiff was driving said automobile on a public street in the City of Austin, Texas, the right front repaired side of the vehicle collapsed. Further, additional inconveniences, towing and repair services were consequently required at that time and place.

"9. That as a direct result of said collision, and the inadequate and unsafe repair of the automobile, plaintiff sustained a protracted period of loss of use of said vehicle in his profession, necessarily incurred extraordinary transportation and baggage expenses between Kansas City, Missouri and Austin, Texas, and sustained a loss of business opportunities as a consequence.

"WHEREFORE, plaintiff prays judgment against defendant in the sum of $10,000 compensatory damages and $10,000 punitive damages, and costs."

▪ From the foregoing, it may readily be seen that the plaintiff seeks damages in the total sum of $20,000.00. Therefore, at the outset, it is the duty of this Court, sua sponte, to investigate its own jurisdiction. Pendleton v. Gundaker, Mo.App., 370 S.W.2d 720; Farris v. Hendrichs, Mo.App., 410 S.W.2d 97; Robbins v. Myers, Mo.App., 410 S.W.2d 105.

▪ In the instant case, the plaintiff-appellant seeks to confer jurisdiction on this Court by stating in his brief that the amount in dispute *"exclusive of costs and punitive damages"* does not exceed the jurisdiction of this Court. The defendant-respondent has made no motion to transfer. But the jurisdiction of this Court does not rest upon a concession of a party, Bunyard v. Turley, Mo.App., 410 S.W.2d 706, or the mere failure of a party to move to transfer to the Supreme Court, Pendleton v. Gundaker, supra, if in fact this Court does not have jurisdiction.

▪ This brings us to a consideration of whether the punitive damages prayed for may be considered in determining the amount in dispute. In Beasley v. Athens, Mo., 277 S.W.2d 538, the Court was considering a case in which the prayer of the petition sought $5,000.00 actual damages and $5,000.00 punitive damages. While the Supreme Court held that the jurisdiction was in the Kansas City Court of Appeals because the plaintiff adopted a different trial theory, in considering the question of the Supreme Court's jurisdiction based upon the prayer of the petition, the Court held, l. c. 539:

"Plaintiff in his petition, asked $5,000 actual and $5,000 punitive damages. Ordinarily, this being an action for monetary relief, plaintiff's prayer would vest appellate jurisdiction here. * * *"

Since we are here concerned only with the allegations of the petition, we must conclude that the amount in dispute is $20,000.00. Accordingly, we hold that jurisdiction is in the Supreme Court, to which this case should be transferred. Art. V, § 3, Mo. Const., and V.A.M.S. § 477.040.

ANDERSON, P. J., and RUDDY, J., concur.

WOLFE, J., not participating.