UNITED REALTY COMPANY, a Corporation, Respondent,

v.

Ellis S. OUTLAW et al., Appellants.

No. 55564.

Supreme Court of Missouri, Division No. 2.

Nov. 8, 1971.

J. E. Sigoloff, Charles S. Sigoloff, St. Louis, for respondent.

Ellis S. Outlaw, St. Louis, for appellants.

HENRY I. EAGER, Special Commissioner.

This is an action to enjoin the obstruction of an easement. The easement was supposedly one for a joint driveway and passageway. The trial court decreed a permanent and mandatory injunction, and ordered that the obstructions be removed. Both the record and the briefs are inadequate for a satisfactory determination of the appeal. A stipulation of facts was received in evidence, but it is insufficient in several particulars.

The following facts are shown. Defendants are the owners of three lots fronting on the south line of Enright Avenue in St. Louis; plaintiff was "on and prior to the 11th day of September 1968," the owner of three lots fronting on the north line of Delmar Boulevard; on November 3, 1928, Martha B. Turner, the then owner of defendants' property, "created an easement for ingress and egress" as a driveway and passageway over the west ten feet of one

of her lots, for the mutual benefit of present and future owners of the tracts now owned by plaintiff and defendants; that the easement was recorded; that on March 20, 1966, defendants instituted an action in the Circuit Court of the City of St. Louis for the purpose of cancelling that easement, the defendant being Duncan Garrison Investment Company, a corporation; that an order of publication was issued for that defendant, and a notice of publication published in the St. Louis Daily Record; that on May 31, 1966, an "order" dissolving the easement was entered by default; that plaintiff was not a party to that action and did not appear; that in January, 1966, defendants erected a sign "at the entrance to said easement" reading, —"No Parking—No Dumping—No Trespassing—Violators Will Be Prosecuted"; that beginning on or about the 5th of September, 1968, defendants, in connection with the erection of a residence, erected upon the easement certain "concrete footings and courses of concrete blocks" which formed a "permanent barrier"; that plaintiffs requested the removal of these, which request was refused; that this action was filed on September 11, 1968; that subsequent thereto defendants completed the erection of a wall completely blocking the driveway. Those facts appeared from the stipulation. The relative positions of the dominant and servient tracts are not shown; we can only guess at their relative locations. At the trial one neighbor testified that she knew of the easement, that defendants had a sign up for two-and-a-half or three years, that the passageway was used by the public (trucks and cars) while the sign was there, but that there was "very little traffic" from the building in the rear (apparently plaintiff's). On motion to strike, this testimony was stricken as irrelevant; we cannot tell whether all was stricken or merely the part concerning user. There was evidence that large trucks are prohibited on Enright, for whatever that may mean, perhaps that the trucks need the easement and an alley.

The record does not include plaintiff's deed or otherwise show when it acquired its property, hence it does not show whether plaintiff was a necessary party to the suit seeking to cancel the easement; it does not show *any* of the proceedings in that suit, petition, order of publication, affidavit of publication or the judgment; hence, there could be only a presumption of the validity and effect of the order or judgment as to anyone. The easement itself, though recorded, was never introduced in evidence; no plat was offered to show the relative positions of the properties or what the easement really consisted of. A forfeiture of the charter of the corporate defendant in the suit to cancel is vaguely referred to, but nothing is shown in evidence; such a forfeiture, and its date, might affect the proceedings. No real facts are shown as to the user of the easement at any period, and such as were shown were stricken.

We are left to piece together from scattered statements what the appellants' contentions are. Their brief is seriously defective under our rules. In this equity case, however, we consider it, especially in view of the determination we have made. The contentions seem to be: that the easement was only a mutual contract or agreement between the original parties for their own personal and mutual use; that it expired long ago, and that there is no "privity of contract" between plaintiff and the original grantor or her heirs (and we note that this is seemingly inconsistent with the stipulation, and generally with the law, Dalton v. Johnson, Mo., 320 S.W.2d 569; 28 C.J.S. Easements, § 46, p. 708); that plaintiff was guilty of laches in waiting two or three years after the sign was erected before taking any action; that the easement had been cancelled in the prior action already referred to; and that the easement had been abandoned by plaintiff, and public user permitted, contrary to its terms.

In its petition plaintiff prayed for a mandatory injunction but did not seek an

adjudication of the validity or existence of the easement; it did, of course, plead the granting and recording of the easement. Defendants, by answer, pleaded: that the easement had been "resolved" by decree in the Circuit Court (which, from other allegations, we take to mean "dissolved"); the placing of their sign; that the easement had been abandoned by plaintiff through use by the public; delay of plaintiff in taking action; great damage to defendants if required to remove the barrier; and finally defendants prayed for damages and that defendants "be declared owners in fee simple of the easement and that plaintiff be declared guilty of laches." By a somewhat generous construction we find that the prayer constituted a request that defendants be declared the owners of the strip free of the easement. The trial court obviously considered that the issues involved the validity of the easement for it found,—"That the aforesaid easement is valid, subsisting and binding upon defendants as owners of the real estate described in finding number 2."

■ We have had a serious doubt of our jurisdiction, that is to say, whether title to real estate is involved in a jurisdictional sense. Our authorities on the matter of jurisdiction in easement cases are a little hard to reconcile. We have held that ordinarily an action to enjoin the obstruction of an easement does not directly affect the title to real estate in the jurisdictional sense, even though it becomes necessary for the court to find whether or not an easement exists; and that, in the latter instances, such findings are merely incidental or collateral to the granting or refusal of injunctive relief. Smith v. Santarelli, 355 Mo. 1047, 199 S.W.2d 411; Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721; St. Louis-San Francisco Ry. Co. v. Silver King Oil & Gas Co., Mo., 117 S.W. 2d 225; Georg v. Koenig, Mo., 370 S.W.2d 356; Bridle Trail Ass'n v. O'Shanick, Mo. App., 290 S.W.2d 401; Miller v. Berry,

Mo.App., 270 S.W.2d 666; Burnett v. Sladek, Mo.App., 251 S.W.2d 397; Bushman Investment Co. v. McCaughey, Mo., 467 S. W.2d 865; Kansas City Power & Light Co. v. Riss, Mo., 312 S.W.2d 846. But it is further held that where the establishment or cancellation of an easement is in issue, and the existence or validity of the easement is adjudicated, title to real estate is directly involved in the jurisdictional sense, for the free and unlimited fee interest of one party is directly affected. Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894; Davis v. Lea, 293 Mo. 660, 239 S.W. 823; Billings v. Paine, Mo., 319 S.W.2d 653; Pendleton v. Gundaker, Mo.App., 370 S. W.2d 720; Dalton v. Johnson, Mo., 320 S. W.2d 569; Washington University Law Quarterly, 1964, Easements, p. 568 et seq.

■ Here, although plaintiff sought no adjudication of the existence of the easement, the answer did, in a backhanded way, raise an issue of its continued existence and asked for an adjudication accordingly. The Court accepted the issue and found that the easement was existing and valid. Under the group of cases last cited we have concluded that we have jurisdiction, but we hope that in future cases such issues will be more clearly and intelligently defined. Respondent's motion to transfer is overruled.

■ We have further determined that the evidence was and is insufficient to support the decree for plaintiff, due to various omissions. The easement itself should have been in evidence, despite the stipulation. The proceedings in the suit to cancel the easement (petition, order and service by publication and decree) should have been shown; plaintiff's deed, or at least the *date* of its acquisition of the property, should have been shown in order to determine whether it was a necessary party to the cancellation suit. While an action to

**382**

*cancel* an easement by deed or grant would seem to be unusual, the pleadings did require the Court to consider its effect and there is really nothing in this record permitting it to do so. It is conceivable that a valid judgment against a prior owner (before plaintiff's acquisition), properly filed for record, might be binding upon it. In the same connection the alleged dissolution by forfeiture of the charter of the Duncan Garrison Investment Company should have been shown and its date. There is really nothing in this record concerning user or abandonment, although the burden of that issue would certainly be upon defendants, once the easement is established. And generally an easement created by grant is not lost by nonuser. Dalton v. Johnson, Mo., 320 S.W.2d 569; Franck Bros., Inc. v. Rose, Mo., 301 S.W.2d 806. There should be in evidence a plat of some sort to show the relative locations of the two properties; we can only guess at where the easement is. Perhaps the trial court knew. It is true that plaintiff showed the creation of an easement, but it also stipulated to the making of an order by the Circuit Court "dissolving said easement." The statement that plaintiff was not a party does not completely resolve the issue.

For the foregoing reasons the judgment is reversed. In the exercise of our discretion, however, the case is remanded in order that the parties may more effectively develop the evidence at another trial. They should be permitted to amend the pleadings if they desire to do so.

It is so ordered.

PER CURIAM:

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.