**BUSHMAN INVESTMENT COMPANY,**
**Respondent,**

v.

**Marjorie McCAUGHEY, Appellant.**

No. 55603.

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

Jacob Brown, Brown, Koralchik & Fingersh, Kansas City, for respondent.

Alvin D. Shapiro, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for appellant.

BARDGETT, Judge.

This is an appeal by defendant Marjorie McCaughey from the judgment and decree of the Circuit Court of Jackson County in favor of plaintiff on its petition for injunctive relief and against defendant on her motion for injunctive relief. Plaintiff is the owner of property abutting on the east side of Blue Hills Road and alleges itself to be the successor to Orient Realty Company. Defendant is the owner of three of the twenty-two lots abutting the west side of Blue Hills Road. These ownership claims are not disputed. The parties agree that Blue Hills Road is a private road.

Plaintiff sought an injunction ordering defendant to remove a cable obstruction from Blue Hills Road in Kansas City, Missouri, and to prevent defendant from further interfering with plaintiff's use of the road. Bushman Drive connects plaintiff's shopping center with Blue Hills Road. Defendant sought an injunction ordering plaintiff to close Bushman Drive and to thereby prevent motorists from utilizing Blue Hills Road in going to and from plaintiff's shopping center. By their pleadings both parties premise their right to relief on the 1912 dedication of Blue Hills Road appearing in the subdivision plat of Blue Hills Club Addition which provides in part, "Blue Hills Road as represented on this plat is dedicated for the exclusive use of the Orient Realty Company, the owners of Lots numbered 22 to 44 both inclusive, and of the Blue Hills Club, their successors and assigns."

Appellant asserts this court has jurisdiction "by reason of Article V, § 3, Mo. Const., in that this case involves 'the title to real estate'." It is our duty to determine the question of jurisdiction. Pursley v. Pursley, Mo., 213 S.W.2d 291, 292[1]; St. Louis-San Francisco Ry. Co. v. Silver King Oil & Gas Co., Mo., 117 S.W.2d 225.

In Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721, this court, while recognizing that in cases wherein the judgment sought or rendered directly determines a title controversy involving an easement the appellate jurisdiction is in this court, said loc. cit. 723: " ' "The constitutional provision vesting appellate jurisdiction in this court in cases involving title to the real estate applies only to cases in which title to land is the subject to the controversy, and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry, or in which the judgment will only affect the title incidentally or collaterally." ' "

"Although it be necessary to determine the title to land to rule the ultimate issue presented where neither party seeks an adjudication of the title, title is only incidentally or collaterally involved and appellate jurisdiction is in the courts of appeals." Gibson v. Sharp, supra.

Neither party, by their pleadings, sought an adjudication of title to Blue Hills Road. The court, inter alia, found that "Plaintiff, Defendants or any of the lot owners 22 to 44 have the right to use Blue Hills Road for themselves, their families, agents, servants, employees and their guests, invitees, licensees, patrons or members. They are the ones having the right to the 'exclusive use' of the private road." The court also found that title to the fee of Blue Hills Road was in plaintiff. However, it appears from the record that the subject of the controversy was whether or not the use plaintiff was making of Blue Hills Road violated defendant's right to the use of the road as provided in the subdivision plat and was not a controversy directly involving title to real estate. At best, the determination of title was merely incidental to the granting of the relief sought—an injunction acting purely in personam. Gibson v. Sharp, supra, 270 S.W.2d 723.

What was said in Judge v. Durham, Mo., 274 S.W.2d 247, 250, is apropos here: "Nor does the mere fact that appellants in their brief * * * contend that the trial court erred in its findings as to the existence or ownership of the alleged easement affect the jurisdiction of the cause on appeal, where the trial court has only determined such facts collaterally or incidentally for the purpose of being able to determine plaintiff's right to the relief asked, as in this case, to an injunction to prevent future interference with the easement claimed * * *."

On the record presented here, title to real estate is not directly involved within the meaning of Article V, § 3, Constitution of Missouri 1945, V.A.M.S., so as to give this court appellate jurisdiction.

The cause should be transferred to the Kansas City Court of Appeals. It is so ordered.

All of the Judges concur.