**Fred FRYE, Lillian M. Frye, and Patricia Rand, Plaintiffs–Respondents,**

v.

**Robert E. SHUMAN, Jacklin E. Shuman, Lonnie Killian and Mary Killian, Defendants–Appellants.**

No. 16932.

Missouri Court of Appeals, Southern District, Division Two.

April 3, 1991.

Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for plaintiffs-appellants.

No respondents' brief filed.

SHRUM, Judge.

In this suit for injunctive relief, the trial court permanently enjoined the appellants from erecting a gate across a road leading to the respondents' property. The single issue presented on appeal from the trial court judgment is whether other owners of record of real estate through which the road runs were indispensable parties, the absence of whom prevented the trial court from having jurisdiction. Because we have concluded that, under the facts of this case, other landowners of record were not indispensable parties, we affirm.

## FACTS

The respondents Fred Frye and Lillian M. Frye use a portion of their property as a livestock farm. Respondent Rand is a tenant residing on the Frye property. The appellants, Robert Shuman and Lonnie Killian [1] and their wives, are record title holders (or are contract purchasers) of part of

the land traversed by the road. In 1989, after the roadway was damaged by running water, the appellants erected a steel gate across the roadway and locked the gate.

In Count I [2] of their first amended petition, the only relief sought by the respondents was that the court "issue a permanent injunction against said Defendants from interfering with Plaintiffs [sic] use and enjoyment of said road." None of the parties, by their pleadings, sought an adjudication of title to the roadway.

No survey, legal description, or deed was placed in evidence, either for the road or the lands which it crossed. However, we can glean from the record that the road in controversy ran across a part of the Southwest quarter of Section 21, Township 25, Range 12, in Douglas County, Missouri. It commenced at Douglas County Road 14–353 and meandered in a westerly direction to the east line of the respondents' farm (being the east line of the east half of the Southwest quarter of Section 20, Township 25, Range 12).

We cannot determine from the record the identity of all the persons who hold record title to the various tracts of land traversed by the road; indeed, we cannot determine the number of tracts of land involved. What we can determine is that in 1986 the appellants Robert and Jacklin Shuman bought property which was crossed by an "old roadway" leading to the respondents' property. We also can determine that the appellants Lonnie Killian and Mary Killian had some interest, the exact nature of which is unclear, in property over which the road passed. When Lonnie Killian was asked if he had a deed to his farm, he answered, "Yes. Right over there in my briefcase." He also testified that "the Fredericks" were his predecessors in title.

1. Appellants Killian are referred to in their brief and other documents in the legal file as Lonnie Killian and Mary Killian. The trial transcript; First Amended Petition in Replevin; the trial court's Findings of Fact, Conclusions of Law and Decree; and other documents indicate their names to be Lonnie Killion and Mary Killion.

2. By additional counts in their petition, respondents asked for the following relief: Count II, damages for trespass on the road; Count III, $5,000 damages "for the repair of [the] road"; and Count IV, punitive damages. The trial court denied the Count II, III, and IV damage claims and no appeal was taken by respondents from that judgment.

Upon further questioning, however, he said he was buying "on a contract for deed and not a general warranty deed." The respondent Lillian Frye testified that the Killians were buying their farm on a contract for warranty deed. Neither party offered into evidence either a deed or a contract on the Killian land. In its judgment, the trial court said: "Defendants Killion are [the] owners of the ... North half of the Southwest Quarter of Section 21, Township 25 North, Range 12." If indeed Killians were buying their land under contract, the holder of the record title of that land was not a party to this litigation. Also absent from the suit were persons (other than the appellants) upon whose land the road was located.

The appellant Robert Shuman testified that he helped Lonnie Killian put a gate across the road because "[t]hey [the respondents] don't help maintain the road that was there...."[3] The record is clear that Lonnie Killian participated in blocking the road. There was evidence that Douglas County had maintained the road infrequently until a June 1989 flood seriously damaged the road. After the flood, the county declined to spend any more money on the "old road." The appellants then spent approximately $2,200 building a new road at a different location and, upon completion of their new road, erected and locked the gate across the old road. The exact location of the locked gate is not clear from the record. The appellant Lonnie Killian testified that the gate was on his property. In contrast, the respondent Lillian Frye testified that the locked gate was on land owned by Carl Cutter, who was not a party to the lawsuit and who, Lillian Frye said, did not want the road blocked.

## ANALYSIS AND DECISION

The appellants argue the trial court lacked jurisdiction to enter the order appealed from because "[w]ithout legal recorded title holders of property upon which a prescriptive easement is sought in a declaratory judgment action named as parties to that action, complete relief cannot be accorded among those already parties." Appellants' argument misconstrues the relief sought. No adjudication of title to the roadway was directly sought by any party to this suit. The ultimate issue was whether obstruction of the road by the appellants violated the respondents' right to use the road. Even if it were necessary to determine the title to land in order to rule the ultimate issue presented, title was only incidentally or collaterally involved. *See Bushman Investment Company v. McCaughey,* 467 S.W.2d 865, 866 (Mo. 1971). *See also Gibson v. Sharp,* 364 Mo. 1007, 1009, 270 S.W.2d 721, 723 (1954). The case before us is similar to *Bushman* in which the parties sought adjudication of the right to use a road, rather than title to the road. "At best, the determination of title was merely incidental to the granting of the relief sought—an injunction acting purely in personam." *Bushman,* 467 S.W.2d at 866.

*Bushman* and *Gibson* involved interpretation by our supreme court of its jurisdiction under Mo. Const. of 1945, art. V, § 3.[4] In *Huter v. Birk,* 510 S.W.2d 177 (Mo. 1974), the court faced the issue of the defendants-appellants' right to a jury trial on three counts of the plaintiffs-respondents' petition. The court reiterated the principle stated in *Bushman* and *Sharp*: "A controversy over an easement right in which no affirmative adjudication of the existence of an easement is sought does not involve title to real estate." 510 S.W.2d at 181. The *Huter* opinion came after the effective date of Rule 52.04(a)[5] (which is relied upon by the appellants). Based upon *Huter, Bush-*

---

3. By paragraph 3 of their answer, the appellants admitted "that a private road exists" across their property. In that same paragraph 3, however, they denied that the road served as a driveway to the respondents' property.

4. When *Bushman* and *Gibson* were decided, Mo. Const. of 1945, art. V, § 3, vested exclusive appellate jurisdiction in the Missouri Supreme Court in all cases in which title to real estate was involved.

5. Missouri Supreme Court Rule 52.04(a) provides, in part: *"Persons to be joined if Feasible.* A person shall be joined in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and

*man,* and *Gibson,* and on the record before us, we conclude title to real estate was not directly involved in the trial court's judgment. Any determination of title by the trial court was "merely incidental to the granting of the relief sought—an injunction acting purely in personam." *See Bushman,* 467 S.W.2d at 866; *Gibson,* 270 S.W.2d at 723. Accordingly, we reject the argument by the appellants that absent land owners were indispensable parties because title to real estate was involved.[6]

The appellants cite us to *Lake Lotawana Association v. City of Lake Lotawana,* 723 S.W.2d 585 (Mo.App.1987),[7] in which lot owners in Lake Lotawana subdivision were held to be necessary and indispensable parties under Rule 52.04(a) in a suit to declare the mutual duties of a real estate development company and a property owners association with respect to maintenance of development improvements. When the lots were sold, the instruments conveying each lot provided that the development company would maintain the improvements. The court concluded the lot owners were indispensable parties because the judgment would leave the development company subject to a substantial risk of incurring multiple or otherwise inconsistent obligations by reason of the lot owners' interests. 723 S.W.2d at 588. We find no such exposure to double, multiple, or otherwise inconsistent obligations in this case where the relief sought (i.e., injunction) would not directly affect the interests of other landowners who were not parties in this litigation.

The fact that a third party has a recorded interest in a road does not necessarily make him an indispensable party within the meaning of Rule 52.04(a). *Huter,* 510 S.W.2d at 180. In that case, the Huters sought title by prescription to a permanent easement for the unimpaired use of a road across the Birks' land after the Birks had blocked the road with a gate. There were third parties, the Hucksteps, who had a recorded interest in the road because the Birks had conveyed to them the right to use the road. The Birks relied upon Rule 52.04(a) to claim the trial court erred in not dismissing the case for lack of jurisdiction when the Hucksteps were not made parties to the lawsuit. Our supreme court rejected that claim, saying, "[T]he absence of the Hucksteps does not prevent complete relief being accorded in this litigation to the parties before the court.... There was no allegation that anyone had tried to limit the Hucksteps' use of the road or that the Hucksteps had any quarrel with the Huters' use of the road. Therefore, there was no reason to join the Hucksteps...." 510 S.W.2d at 180.

We believe that *Huter* compels a finding that other land owners (including the record title holder of the Killians' property) were not indispensable parties. Paraphrasing *Huter,* we conclude "the absence of [other land owners of record] does not prevent complete relief being accorded in this litigation to the parties before the court...." *See* 510 S.W.2d at 180. Within the meaning of Rule 52.04(a)(1), the issue of whether or not the appellants could law-

---

is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest...."

**6.** The injunctive relief granted in this case is distinguishable from the judgments rendered in the cases relied upon by the appellants. *See, e.g., Neal v. Drennan,* 640 S.W.2d 132, 137 (Mo. App.1982) (where the basic issue litigated was title to real estate), and *Polette v. Williams,* 456 S.W.2d 328, 333 (Mo.1970) (case involving title to real estate; deed contained possibility of reverter). In those cases the courts held that because title to real estate was in question, all

claimants of record title were indispensable parties.

**7.** The appellants also cite us to *Moran v. Flach,* 752 S.W.2d 956 (Mo.App.1988) (suit to establish private roadway of necessity in which the attorney for the landowner was not an indispensable party where the attorney had a contingent future one-third interest in the property as a result of a fee arrangement with his client), and *State ex rel. Emcasco Ins. Co. v. Rush,* 546 S.W.2d 188 (Mo.App.1977) (mandamus lawsuit which indirectly involved insurance coverage and in which the court held that the parties sought to be joined were neither necessary nor indispensable). Neither of these cases held absent parties to be indispensable.

fully obstruct or block the respondents from using the road could be fully considered and determined between the parties to this action. *See Dick v. Shannon*, 596 S.W.2d 79, 84 (Mo.App.1980) (case in which other persons owning land served by drainage easements were not indispensable parties where defendants were enjoined from blocking drainage ditch). The record is devoid of any evidence that the owner of record of the Killian land or the record owners of other parcels of land traversed by the road had any interest in depriving the respondents of the use of the road, nor is there any evidence that the respondents wanted to deprive such other owners of their right to travel the road. *See Huter*, 510 S.W.2d at 180–81. Accordingly, we hold that the other land owners across which the road ran (including Killians' contract seller) were not indispensable parties whose absence denied the trial court jurisdiction.

The judgment did not erroneously declare or apply the law and the trial court was not without jurisdiction. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Dick*, 596 S.W.2d at 84.

The judgment is affirmed.

FLANIGAN, C.J., and PARRISH, P.J., concur.